No. 20,136.

S. O. GAILEY, *Appellee*, v. THE PEET BROTHERS MANUFACTUR-ING COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Personal Injuries — Incapacity to Perform Labor*. Under the workmen's compensation act (Laws 1911, ch. 218, Laws 1913, ch. 216) an employee who, as a result of an injury to his fingers, can not tightly close them in his hand, and is thereby rendered less able to perform his work, is partially incapacitated from performing labor.

2. SAME—*Injured Servant Remaining in Employment of Master—No Estoppel*. An employee partially incapacitated by an injury from performing his labor does not lose his right to compensation under the workmen's compensation act by remaining in the employment of his master at his former wages.

3. SAME—*Injuries—Claim for Compensation*. Under the workmen's compensation act, any statement, oral or written, made within the proper time, by which the injured employee makes it known to his employer that he is claiming compensation, is sufficient to comply with the statute.

4. SAME—*Deductions for Amount Received During Workman's Incapacity —Instructions*. Under the workmen's compensation act, a claim of error in rendering judgment without allowing the defendant for payments which the workman may have received from the employer during his period of incapacity is unavailing where the employer does not request an instruction to the jury covering that question and it does not appear that the allowance was not made.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed May 6, 1916. Affirmed.

*E. S. McAnany, M. L. Alden*, both of Kansas City, *Adrian F. Sherman*, and *Thad B. Landon*, both of Kansas City, Mo., for the appellant.

*J. H. Brady, Charles E. Thompson*, and *E. H. Henning*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment under the workmen's compensation act.

The plaintiff was employed by the defendant as a common laborer and was injured about the 22d of July, 1913, by having

the first and second fingers of his left hand mashed, cutting the flesh and injuring the tendons. After the plaintiff received his injury he was sent by the defendant to its physician, who treated the plaintiff's hand for some days. At the end of thirteen or fourteen days he returned to work for the defendant, and did light work which he could perform with one hand until about the first of January, 1914, when he went back to his original work. This he continued until in March, 1914, when he voluntarily quit the defendant's employ. During the entire period of his employment, after being injured, he received the same wages that he was receiving when he was hurt, $12 per week. A demurrer to the plaintiff's evidence was overruled, a verdict was rendered in his favor for $312 and judgment was entered accordingly.

The defendant specifies a number of errors. These are based on and can be reduced to four propositions:

1. The defendant argues that the plaintiff was not incapacitated from performing labor beyond the two weeks' period by reason of the injury received by him. This contention is against the evidence of the plaintiff, who testified positively that he could not use the first and second fingers of his hand effectively, and that this hindered him in the performance of his work. The jury by its verdict found against the defendant and found that the plaintiff was incapacitated. These findings were supported by evidence and are conclusive in this court.

2. The defendant argues that within two weeks after the injury the plaintiff was employed by the defendant at the same wages at which he had been employed previous to receiving the injury, and that he voluntarily quit the defendant's employ. If this employment relieved the defendant of liability, then any employer can escape liability for compensation by retaining the injured employee and paying him wages, although he may not be able to do as good work after the injury as he did before. An injured employee may not wish to continue to work for the one in whose employ he was injured, and because of his injury he can not obtain as good wages in another place. The injured employee has a right to compensation for his injury. It does not matter that his employer continues to accept his services and pay him regular wages, unless that employment continues for the entire period for which compensation

might be allowed. The act fixed the liability when the employee was injured. That liability can be discharged only in the manner directed by the statute. The conclusion here' reached is supported by *Cory Brothers & Co., Limited, v. Hughes*, (1911) 2 K. B. 738.

3. The defendant contends that the plaintiff did not make any claim for compensation in accordance with the statute. The plaintiff's evidence on this question, as set out in the defendant's abstract, is substantially as follows:

"I asked the manager what he was going to do about my hand; I asked him if I was going to get recompensed for my hand, and he said he would see Dalton, the superintendent of Peet Brothers' plant.

"Q. When was that? A. Just a short time before I quit. I could n't remember just the time of the month.

"I spoke with him once or twice with regard to it previous to that time and that is the way he answered me. He said he would see Dalton, and I had a talk with Dalton just after I went back to work. Dalton says, 'I am here to take care of the men,' something like that, or 'always take care of the men.' . . . Some weeks before I quit I had a conversation with Mr. Dalton of Peet Brothers with regard to their paying me for my injury. I was then working at the plant, but I don't know how long it was before I quit. When I said that I had talked with the manager of Peet Brothers I meant Jim Banner. It was along in January or December, some place along there, that I talked with him about my hand, and I asked him what he was going to do; was he going to give me anything for my hand. I meant money for damages. . . . I spoke to Dalton about it—it might have been two months after I got my hand hurt that I spoke to Dalton, or over, and I just asked him what he was going to do about it; was he going to give me anything; give me recompense for my hand—and that was when I was working there regularly and drawing regular wages."

The claim for compensation need not be in writing. The statute, in part, reads:

"Proceedings for the recovery of compensation under this act shall not be maintainable . . . unless a claim for compensation has been made within three months after the accident . . . and the failure to make a claim within the period above specified shall be a bar." (Laws 1913, ch. 216, § 6.)

The evidence of the plaintiff tends to prove that he talked with the defendant's superintendent within the three months after the injury was received about compensation for that injury, and asked the superintendent if he was going to give the plaintiff any recompense for his hand. This certainly fills the requirement of the statute so far as a claim for compensation

is concerned. To require a more specific claim for compensation compels the injured employee to employ a lawyer so as to get his claim for compensation technically within the language of the statute. This would be substantially, "I claim compensation for my injury." What did this conversation between the plaintiff and the defendant's superintendent amount to? Stripped of all verbiage, it is a request for compensation for the injury the plaintiff had received. The statutory requirements were substantially complied with. The defendant can not escape because the claim was not made more specific.

4. The plaintiff recovered judgment for $312. The defendant paid the plaintiff in wages after his injury the sum of $412. Section 12 of chapter 218 of the Laws of 1911 provides, in part, that—

"In fixing the amount of the payment, allowance shall be made for any payment or benefit which the workman may receive from the employer during his period of incapacity."

The defendant's contention is that it should have been given an allowance of $412, and that when it was credited with that amount no judgment could be rendered against it on the verdict for $312.

This matter was not in express terms submitted to the jury. The defendant did not ask for an instruction covering this question. None was given by the court. The plaintiff asked for compensation in the sum of $2344—$6 per week for a period of seven years and four months, commencing on the eleventh day of April, 1914, shortly before he quit working for the defendant. It does not appear that allowance was not made for the $412 paid by the defendant. The compensation fixed by the jury was small when compared with the amount asked. If the defendant desired this question explicitly submitted to the jury it should have requested an instruction covering the proposition. This court has often said that if a party does not ask for such instructions as he desires, his claim of error because they are not given is unavailing. (*Dighera v. Wheat*, 85 Kan. 458, 116 Pac. 616; *Rambo v. Electric Co.*, 90 Kan. 390, 393, 133 Pac. 553; *Hamilton v. Railway Co.*, 95 Kan. 353, 357, 148 Pac. 648, and cases there cited.)

The judgment is affirmed.