Knoll v. City of Salina.

No. 20,661.

WILLIAM KNOLL, *Appellee* v. THE CITY OF SALINA, *Appellant.*

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Personal Injuries—Notice of Accident to the City.* An employer can not avoid the payment of compensation to an injured employee under the workmen's compensation act because written notice of the accident was not given to the employer by the employee within ten days after the accident occurred unless the employer has been prejudiced by the lack of such notice.

2. SAME—*Written Demand for Compensation.* Nor is a recovery barred by the failure of the injured employee to make a written demand for compensation within three months after the accident if an oral demand was made within that time.

3. SAME—*Written Demand for Compensation—Application of Statute.* The provision of the statute that claims or demands against a city of the second class shall be presented in writing duly itemized and verified and that unless so presented and verified they shall not be audited or allowed by the city officers, applies to demands of injured employees against a city under the workmen's compensation act.

4. SAME—*Failure to Present Written Demand for Compensation—Costs.* If an action for compensation is brought against a city of the second class upon a claim not so presented and verified a recovery may be had upon it, but no recovery can be had against the city for the costs of the action.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 10, 1916. Affirmed.

*W. B. Crowther,* of Salina, for the appellant.
*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought against the city of Salina, under the workmen's compensation act, by William Knoll, who sustained an injury while employed in cleaning the streets of the city. He alleged in his petition that the injury which was suffered on October 6, 1914, was permanent in its nature and had incapacitated him from performing manual or physical labor of any kind. He stated that for more than thirty days preceding the injury he had been receiving $3.50

per day for his work. From the averments of the petition it appears that no written notice of the injury was given to the city until August 16, 1915, when the plaintiff sent a letter through the postoffice, giving notice of his injury; but he alleged that he spoke to the city clerk and the street commissioner about the injury within seven days after it was sustained. He further stated that a number of times within a period of three months after the injury he made oral demands upon the city for compensation, which the city refused. The petition contained the further statement that the city had not been prejudiced by the failure of the plaintiff to give written notice of the injury within ten days after it occurred. The city challenged the sufficiency of the petition, contending that the plaintiff had failed not only to give written notice of the injury within ten days but also failed to make written demand within a period of three months, as the workmen's compensation act requires. Another ground of attack on the petition was that it did not show that an itemized and verified claim with a full account of the items had been presented to the city before the action was brought, as another section of the statute provides. The demurrer to the petition was overruled and the city appeals. Upon a motion to dismiss the appeal because it presents no substantial error the parties have submitted briefs and full arguments upon the motion and also upon the merits of the appeal, and therefore all of the questions involved in the case will be considered and determined at this time.

The first point is the failure of the employee to give written notice of the accident within ten days after it occurred. This omission is met by an averment in the petition that the city had actual notice of the accident within seven days after it happened and had not suffered any prejudice by the lack of a written notice. The want of, or any defect in a notice or in its service is no bar to a recovery of compensation unless such lack or defect operates to the prejudice of the employer. (Laws 1913, ch. 216, § 6; *Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413; *Ackerson v. Zinc Co.*, 96 Kan. 781, 153 Pac. 530.)

The second point in the appeal is the omission of an allegation that compensation was demanded in writing within three months after the injury was sustained. The plaintiff al-

leged that an oral demand was made of the city for compensation several times within three months after the occurrence of the accident, but that the demand had been refused. An oral demand is enough to meet the requirements of the compensation act. (Laws 1913, ch. 216, § 6.)

In *Gailey v. Manufacturing Co.*, ante, p. 53, 157 Pac. 431, it was held that "under the workmen's compensation act, any statement, oral or written, made within the proper time, by which the injured employee makes it known to his employer that he is claiming compensation, is sufficient to comply with the statute." (Syl. ¶ 3.)

A further ground of demurrer was that the plaintiff had not complied with the statute which provides that all claims against a city of the second class "must be presented in writing, with a full account of the items, and verified by the oath of the claimant or his agent that the same is correct, reasonable and just; and no claim or demand shall be audited or allowed unless presented and verified as provided for in this section," etc. (Gen. Stat. 1909, § 1414.) The provision applies to claims and demands of every kind made against a city of the second class. It was not repealed or modified by the provisions of the compensation act providing for demands to be made in a certain manner and within fixed times. City officers are not permitted to audit or allow a demand for compensation of an injured employee any more than any other demand unless compliance is made with this superadded requirement. However, the penalty for failing to present a written demand duly itemized and verified is that no costs can be recovered from the city in an action brought upon the demand. In a proviso of the section relating to the demand it is provided:

"No costs shall be recovered against such city in any action brought against it for any unliquidated claim, which has not been presented to the city council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest due." (Gen. Stat. 1909, § 1414.)

A recovery may be had upon a demand which is not duly presented in accordance with this provision, but in such a case there can be no recovery against the city for the costs of the action. (*City of Atchison v. King*, 9 Kan. 550.)

No error is seen in the decision overruling the demurrer to

the petition and therefore the judgment of the district court is affirmed.

WEST, J. (concurring specially) : I concur in the foregoing opinion, but do not wish to be understood as conceding that an employee of a city, while engaged in street cleaning, is necessarily entitled to the benefits of the act to "provide compensation for workmen injured in certain hazardous industries."