No. 20,414.

CHARLES C. SMITH, *Appellant*, v. THE SOLVAY PROCESS COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Claim for Injuries—When to be Made.* Under the workmen's compensation act the failure to make a claim for compensation for an injury within three months after the accident is a bar to a recovery.

2. COMPENSATION ACT — *Notice of Injury — When to be Given.* The failure to give notice of the injury within ten days after the accident is not a bar if no prejudice to the employer results from the failure or if it was occasioned by mistake, incapacity, or other reasonable cause; but no such exceptions are made as to a failure to claim compensation within the prescribed time.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed March 10, 1917. Affirmed.

*Carr W. Taylor*, of Hutchinson, for the appellant.

*C. M. Williams*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Charles C. Smith against the Solvay Process Company to recover compensation for an injury to his eye. A demurrer to his petition was sustained and he appeals.

It was alleged that the defendant was operating under the provisions of the workmen's compensation act; that the injury was caused by a small piece of steel or rust penetrating his eye, which was soon thereafter removed by a physician; that at the time of the accident he informed the foreman of the defendant of his injury and the latter looked at the injured eye; that during a period from July 6, 1913, the date of the injury, till December 10, 1913, when a specialist informed plaintiff that that eye would be permanently blind, he did not think it was seriously injured, but that it troubled him considerably and his vision grew less clear during that time; and that he continued in the employ of defendant for thirty days after the injury and later secured employment elsewhere. It was further alleged that on December 12, 1913, a written notice was served upon defendant stating the extent of the injury, claiming compensation under the workmen's compensation act, and informing it that no notice other than the oral one given to the defendant's foreman had been given for the reason that plaintiff did not know the extent and ultimate effect of his injury until December 10, 1913, when he consulted the specialist.

In support of the ruling the defendant insists that the failure of plaintiff to give notice of the injury, or to make a claim for compensation within the time fixed by the compensation act, bars a recovery. That act provides that a recovery of compensation can not be had unless written notice of the accident shall be given within ten days after the accident, nor unless a claim for compensation shall be made within three months after the accident, or in case of death, within six months thereafter. It is then provided:

"The want of, or any defect in such notice, or in its service, shall not be a bar unless the employer proves that he has, in fact, been thereby prejudiced, or if such want or defect was occasioned by mistake, physical or mental incapacity or other reasonable cause, and the failure to make a claim within the period above specified shall be a bar." (Gen. Stat. 1915, § 5916.)

Under the statute it will be observed that two steps are essential to a recovery by the workman: (1) he must give the employer notice of his injury within the brief period of ten days after it occurs, and (2) he must in addition make a claim

for compensation within the longer period of three months. Exceptions are made as to the notice of injury. The lack of notice or a defect in it or in its service does not bar recovery unless prejudice results to the employer, nor where the want or defect was caused by mistake, incapacity or other reasonable cause. Here the employer had actual notice, as it is alleged that the foreman under whom the plaintiff was working was informed of the accident and made an examination of the injured eye, and the defendant therefore can not have suffered any prejudice by the lack of a written notice.

However, no such exceptions are made as to the demand for compensation. Instead of providing that the nonobservance of the requirement to claim compensation within the fixed period would be excused if there was reasonable cause for the failure and if there was no prejudice to the employer, it specifically declares that the failure shall constitute a bar. It is not easy to find the reason which actuated the legislature in making the distinction that was made between notices of injury and claims for compensation, but the language employed is plain and mandatory that the failure shall operate as a bar to a recovery. The statute is entitled to, and has been given a liberal interpretation by the court. It has been decided that the claim need not be in writing nor in any particular form. Any statement, oral or written, made within the statutory time by the injured employee which informs the employer that he is claiming compensation is enough. (*Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431; *Knoll v. City of Salina*, 98 Kan. 428, 157 Pac. 1167.) The statute is not open to any reasonable interpretation that would warrant the court in holding that a recovery may be had where a claim is not made within the period fixed in the act.

The judgment is therefore affirmed.