No. 21,284.

DOLLIE KNOWLING, *Appellee,* v. MORRIS & COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Failure to Present Claim for Compensation—No Waiver.* The pleadings and agreed facts considered, and held that presentation of a claim for compensation had not been waived or rendered unnecessary, and was a matter in issue.

Appeal from Wyandotte district court, division No. 1; WILLIAM H. McCAMISH, judge. Opinion filed June 9, 1917. Reversed.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.

*J. H. Brady,* and *E. H. Henning,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation for the death of a workman. Judgment was rendered for the plaintiff on the pleadings and a stipulation with reference to facts. The defendant appeals.

The stipulation was that the workman, an employee of the defendant, was injured in the course of his employment while icing refrigerator cars on the track of the Missouri Pacific Railway Company, adjacent to the defendant's packing plant. The workman was obliged to work on top of the cars. As he was about to step from one car to another, they were separated by employees of the railway company, without notice or warning, and the workman fell to the ground. The accident oc-

curred on September 14, 1914, and the workman's death followed on September 24, 1914. On October 14, 1914, the plaintiff sued the railway company for damages, and that action is still pending. The present action was commenced in December, 1915. The stipulation did not refer to the subject of claim for compensation.

The petition pleaded with much particularity an oral claim for compensation. The answer, besides denying the averments of the petition, pleaded with much positiveness that no claim for compensation had ever been made. The answer further pleaded that the defendant had requested the plaintiff to present a claim for compensation, in order that the defendant might be subrogated to the rights of the plaintiff against the railway company; but that the plaintiff refused to claim or accept compensation, and in lieu thereof elected to sue the railway company for damages. Other facts were pleaded showing prejudice to the defendant because of the plaintiff's election, should she now be allowed to prosecute the action. The district court seems to have held that because the defendant endeavored to secure presentation of a claim for compensation, liability was confessed, and hence that no claim was necessary.

Any admission of liability attending the defendant's conduct was conditioned on presentation of a claim for compensation. The defendant could waive compliance with that statutory prerequisite to recovery, but an endeavor to secure compliance with the statute was the very opposite of a waiver.

The pleaded request upon the plaintiff to make claim for compensation so that the defendant could be subrogated to her rights against the railway company was, in the absence of specific allegations to the contrary, a sufficient admission upon the record that she was entitled to claim compensation, and that the rights of the parties were governed by the workmen's compensation act.

The judgment of the district court is reversed and the cause is remanded for further proceedings.