No. 22,083.

BEN JACOBS, *Appellant*, v. THE HAMILTON COAL AND MERCANTILE COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT — *Injuries* — *Time in Which Claim for Damages Must be Made.* Under the workmen's compensation act, section 5916 of the General Statutes of 1915, proceedings against an employer to recover compensation for an injury sustained by a workman in the course of his employment cannot be maintained unless a claim for compensation has been made within three months after the accident.

2. SAME—*Findings of Fact—Conclusive on Appeal.* The trial court's finding of fact, based upon sufficient, though conflicting, testimony that a claim for compensation was not made within three months, is conclusive on appeal.

3. SAME—*Claims of Error Immaterial.* Errors concerning the admission and exclusion of evidence relating to alleged injuries for which no action can be maintained need no attention on appeal.

4. SAME—*Compensation Allowed—Evidence.* The evidence and findings pertaining to an allowance of $114 for compensation for injuries to a workman examined, and no error discerned therein.

Jacobs v. Coal Co.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 5, 1919. Affirmed.

*Thomas W. Clark,* of Pittsburg, for the appellant.

*J. J. Campbell, P. E. Nulton,* and *C. O. Pingry,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought two actions for compensation for injuries alleged to have been sustained in defendant's coal mine.

The first action was for an injury to plaintiff's leg, alleged to have been sustained on October 11, 1916; the second action, in two counts, was for an alleged injury to his eye, which occurred on June 1, 1917, and for injuries to his back and shoulder, which occurred on August 17, 1917. The actions were consolidated in the district court. A jury was waived, and the plaintiff was nonsuited on his claims for compensation for his alleged injuries of October, 1916, and June, 1917, on findings of the court that plaintiff had failed in each instance for more than three months to make any demand on defendant for compensation. Plaintiff prevailed in his claim for compensation for his injuries sustained on August 17, 1917.

Dissatisfied with the findings of the court touching his failure to make timely demands for compensation for his alleged injuries of October, 1916, and June, 1917, and because of the small amount, $114, awarded him for his injuries sustained in August, 1917, he appeals.

Noting plaintiff's assignment of errors in the order presented, this court can discern no way to disturb the trial court's findings that no demands were made upon defendant for compensation within three months after his alleged injuries were sustained in October, 1916, and June, 1917. Such a demand was a condition precedent to a right of action under the plain terms of the statute.

"Proceedings for the recovery of compensation under this act shall not be maintainable . . . unless a claim for compensation has been made within three months after the accident." (Gen. Stat. 1915, § 5916.)

(See, also, *Smith v. Process Co.,* 100 Kan. 40, 163 Pac. 645.)

Plaintiff quotes some evidence which faintly tends to show that timely demands were made for compensation. The evidence for the defendant to the contrary was positive and con-

vincing, and it was the function of the trial court to determine the truth of these disputed facts, and its findings thereon are conclusive on appeal. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057; *Wideman v. Faivre,* 100 Kan. 102, 163 Pac. 619.) Some of the evidence quoted to prove a demand would, under our decisions, tend to prove notice of the injuries (Gen. Stat. 1915, § 5916; *Ackerson v. Zinc Co.,* 96 Kan. 781, 153 Pac. 530; *Knoll v. City of Salina,* 98 Kan. 428, 157 Pac. 1167; *Smith v. Process Co.,* 100 Kan. 40, 163 Pac. 645; L. R. A., 1916 A, 244, 245), but the trial court's decision did not rest on the question of notice. Plaintiff testified to a conversation with Hamilton, the president of the defendant company, by whom he was offered $13 for injuries, which he declined to accept. This offer, he contends, should be construed as a waiver of a specific demand. One trouble with that contention is that Hamilton also testified as to that incident, and he said that the matter of an injury to the leg or to the eye was not involved, that he never knew of those injuries, and that this conversation related to the third injury—to plaintiff's back and shoulder—and that the offer was simply for the period which plaintiff himself estimated that his last injury would delay his return to work. Obviously, the trial court accepted Hamilton's explanation of the offer as true; and, consequently, that incident did not answer the purpose of a demand nor serve as a waiver of demand for compensation for the earlier injuries.

Some complaint is made touching the admission and exclusion of evidence, but as these matters relate to the alleged injuries of October, 1916, and June, 1917, for which no action would lie because of failure of timely demands, these errors need no consideration.

The only other error assigned which is worthy of note is plaintiff's complaint touching the paucity of the compensation allowed for his injuries sustained on August 17, 1917. The award or judgment was pursuant to the trial court's findings, viz.:

"Court further finds on proof offered that the plaintiff was injured in mine No. 6 of the defendant on the 17th day of August, A. D. 1917. . . .

"Court further finds on proof offered that the plaintiff's average weekly earnings for ten (10) months prior to the 17th day of August, 1917, amounted to five dollars ($5.00) per week.

"Court further finds as a result of said injury sustained by the plaintiff on August 17, 1917, plaintiff was totally disabled to do and perform manual labor for a period of six weeks.

Insurance Co. v. Whitney.

"Court further finds that the plaintiff was partially disabled to do manual labor as a result of said injury for a further period of sixteen (16) weeks.

"Court further finds that the plaintiff is entitled to compensation, on account of said accidental injury for a period of five (5) weeks at six ($6.00) dollars per week and in the total sum of thirty ($30.00) dollars.

"Court further finds that the plaintiff is entitled to compensation, on account of said accidental injury for partial disability for a period of sixteen (16) weeks in the total sum of eighty-four ($84.00) dollars." [Total: $114.00.]

Defendant argues that compensation for total incapacity should have been awarded for 416 weeks. He does not say why; he offered no evidence to prove that his injuries to his back and shoulder were permanent, nor that they would incapacitate him from working for any considerable length of time. . Indeed, most of his evidence related to his alleged injuries of October, 1916, and June, 1917; and the compensation which he did receive for his injuries of August 17, 1917, was liberal, even generous, when measured by the evidence offered in support thereof.

The judgment is affirmed.