No. 24,963.

JOE WHITBY, *Appellee*, v. ARMOUR AND COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Period of Time Which Injuries Must Disable Work-*
*man from Earning Full Wages.* The workmen's compensation act does not
award compensation for accidents and injuries to a workman unless they
are of sufficient gravity to disable the workman "for a period of at least a
week from earning full wages at the work at which he was employed."
(Gen. Stat. 1915, § 5896, as amended by section 27 of chapter 226 of the
Laws of 1917.)

2. SAME—*Claim for Compensation Must Be Made Within Three Months from*
*Time of Accident.* The three months' time allowed by the statute to an
injured workman to make a claim against his employer for compensation
for injuries sustained in the service of the latter begins to run at the time
of the accident, except in cases of the workman's incapacity.

3. SAME—*Evidence Fails to Disclose Any Demand for Compensation Within*
*Statutory Period.* Plaintiff alleged and testified that he was injured in de-
fendant's packing plant and as a consequence was confined to his home for
several days. He returned to work on the sixth day after the accident. He
testified that on his return to work he told his foreman about being injured
and that his doctor had told him he would need to go to a hospital and have
an operation, and asked his foreman "if he thought the packing company
would help him out in the operation, to pay the doctor." Thereafter he
continued to work for the defendant for eleven months; and then went to
a hospital and was operated on. After his discharge from the hospital, this
action for compensation was begun. *Held,* that at the time of his alleged
conversation with the foreman no compensation was due him, and that his
inquiry of the foreman did not constitute a claim for compensation as pre-
scribed by the statute.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed October 6, 1923. Reversed.

*L. B. Cowden,* and *David F. Carson,* both of Kansas City, for the appellant.
*Arthur J. Stanley,* and *Guy E. Stanley,* both of Kansas City, for the ap-
pellee; *Judson S. West,* of Kansas City, of counsel.

The opinion of the court was delivered by

DAWSON, J.: This action was for an allowance under the work-
men's compensation act.

The plaintiff, Joe Whitby, was employed in the lard department
of defendant's packing house from November, 1919, until Decem-
ber, 1921. In his petition he alleged that in January, 1921, while

in the act of leaning over a metal tank for the purpose of cleaning a suction pipe he fell and struck his abdomen and inguinal region on the edge of the tank, from which accident and injury he became ruptured and afflicted with orchitis.

Plaintiff continued to work for defendant until December, 1921, and shortly afterwards he went to a hospital and had an operation performed for hernia, and also for orchitis, and was totally incapacitated for seven weeks following these surgical operations. He also alleged that—

"Within three months following the injuries at the meat packing plant aforesaid he made claim for compensation of his foreman, Mr. Conwell, the duly authorized foreman and agent of defendant, but that he did not within ten days following said injuries give to the defendant a written notice of the time, place and circumstances of his said injuries, and alleges the fact to be that said defendant could not be prejudiced by the failure of the plaintiff to give such written notice, for the reason that said defendant's said foreman had personal and actual knowledge of the occurrence of said injuries at the time and place aforesaid."

Defendant's answer, among other matters which included a general denial, alleged that plaintiff failed to give defendant written notice of the accident within ten days, and that plaintiff did not make claim for compensation within three months next succeeding his alleged accident and injuries sustained in January, 1921.

The cause was tried at length before a jury, which was instructed by the trial court, in part, thus:

"The burden of proof is on the plaintiff also to prove by the preponderance of the evidence that within three months immediately following his injury, so received, if any, in the month of January, 1921, he made a claim to the defendant for compensation for incapacity resulting from such injury; and if this allegation is not so proven, it will be your duty to find that such claim was not so made."

A verdict in behalf of plaintiff was returned, and certain special questions were answered:

"(1) Did the plaintiff notify the defendant of the time, place and circumstances of his alleged injuries within ten (10) days from the date he claims he was hurt? Answer: Yes. . . .

"(3) When, if at all, did the plaintiff make a claim for compensation from defendant? Answer: Within six days from the time he was hurt."

Defendant appeals, urging various errors, the most significant of which relates to the statutory provision which limits the allowance of compensation to injured workmen who make a claim therefor within three months.

The pertinent provision of the statute reads:

"Proceedings for the recovery of compensation under this act shall not be maintainable . . . unless a claim for compensation has been made within three months after the accident, . . . and the failure to make a claim within the period above specified shall be a bar: *Provided, however,* That in case of incapacity of an injured employee the limitation herein shall not run during such incapacity." (Gen. Stat. 1915, § 5916.)

Defendant contends that this statutory provision was wholly ignored by plaintiff. The only evidence on the subject was in the testimony of plaintiff. After narrating how the accident occurred on or about January 3, 1921, he testified that he had a cold sweat and chill ·but continued to work that day, but next morning he could not get out of bed, so he called the doctor, and remained at home about five or six days, and then went back to work and did work for the defendant until December 3, 1921, some eleven months later, when he went to a hospital and had an operation performed on January 5, 1922. He testified that his foreman was Harry Conwell—

"The first day after I went back to work, I mentioned it to Mr. Conwell.

"Q. Did you tell him why you had been off? A. Yes, sir. . . . I told him about getting hurt, and about having the doctor, and the doctor told me I would have to be operated on and I told him I was going to have to be operated on, and I asked him if he thought the company would help me out in the operation, to pay my doctor for the operation, and he said he would see what he could do."

Now, in the absence of a showing of prejudice to defendant this testimony, being believed by the jury, might excuse the want of the statutory requirement of a written notice of the accident within ten days (Gen. Stat. 1915, § 5916), but can it be construed to be a demand for compensation for plaintiff's injuries? The statute does not give compensation for an accident or injury unless it is of sufficient gravity to disable the workman "for a period of at least a week from earning full wages at the work at which he was employed" (Gen. Stat. 1915, § 5896, as amended by ch. 226, § 27, Laws of 1917). Plaintiff was not positive whether he was off work for five or six days, which would leave it too uncertain for determination whether even a week's compensation under the act should have been‘ awarded to him. But the jury's finding that the demand for compensation was made "within six days" necessarily shows he was absent from work less than a full week, since plaintiff swore his talk with the foreman was on the day he returned to work. But

note plaintiff's alleged conversation with his foreman. It was a statement that his doctor told him he would have to be operated on, and an inquiry whether his foreman *thought* the company would help in the operation to pay the doctor. This question to the foreman was very far from a claim for compensation for his injuries. He continued to work for the company for eleven months thereafter. The following year, after his discharge from the hospital, he did make a claim for compensation, on the theory apparently that such claim would still be in time. Not so, however; the three months' time to make a claim for compensation allowed by the statute begins to run at the time of the accident. (*Cooke v. Holland Furnace Co.*, 200 Mich. 192, L. R. A. 1918 E, 552.) Here there were no circumstances which could be construed to waive or excuse the want of timely compliance with this statutory prerequisite to defendant's liability. (*Smith v. Process Co.*, 100 Kan. 40, 163 Pac. 645; *Knowling v. Morris & Co.*, 101 Kan. 205, 206, 165 Pac. 841; *Jacobs v. Coal Co.*, 105 Kan. 234, 182 Pac. 410.)

In view of this unavoidable conclusion the other errors urged on our attention need not be considered.

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment for defendant.