No. 25,180.

JOSEPH M. ROGERS, *Appellant*, v. JOPLIN & PITTSBURG RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Injuries to Workman—No Demand for Compensation Within Three Months After Accident—Action Barred.* The statutory rule followed that except in cases where a workman's injuries have incapacitated him from making a demand for compensation within three months after his accident and injury, the workman's failure to make such claim on his employer within the time allowed is a bar to recovery. (R. S. 44-520.)

2. SAME—*No Waiver of Demand Shown.* The statutory prerequisite to an injured workman's right to compensation that a demand be made on his employer therefor within three months was not waived by a statement by the employer to the workman, "When you want any compensation or assistance, let me know"; nor was it waived by the employer's advice to the workman that the latter should try to recover damages from a third party whose negligence was the direct, immediate and proximate cause of plaintiff's injury.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed April 5, 1924. Affirmed.

*C. S. Denison*, and *E. V. Bruce*, both of Pittsburg, for the appellant.

*John P. Curran*, of Pittsburg, and *Fred A. Walker*, of Columbus, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff sought to maintain this action under the Workmen's Compensation Act. At the conclusion of plaintiff's opening statement, defendant's motion for judgment on the petition and opening statement was sustained.

Plaintiff appeals.

The facts pleaded and stated on plaintiff's behalf were these: Plaintiff was a conductor on defendant's interurban railway. Both were working under the compensation act. On November 20, 1919, plaintiff stepped off his car to throw a switch in a street in Pittsburg. While so engaged, one H. H. Hall, driving an automobile in the street, struck the plaintiff, knocked him down, and hurt his leg and otherwise injured him. Notwithstanding his injuries plaintiff finished his immediate work for the day, but was then compelled to lay off until November 26, 1919, when he returned to labor although he was still partially disabled, and he continued to perform his service for the defendant except for a lay-off of one day and another lay-off of two days on account of his crippled leg, until December 16, 1919, when he was compelled to quit because of a further mishap which occurred, as plaintiff alleged:

"That on the 16th day of December, 1919, the plaintiff, not knowing the exact condition of his right leg, and not knowing that the bone thereof had been fractured or broken when struck by said automobile, was engaged in a friendly scuffle with his wife when plaintiff's son, then about 15 years of age, came into the house and said to plaintiff: 'Why don't you jump onto a man'; that thereupon this plaintiff turned quickly, and in a playful manner to grab for his son, when plaintiff's right leg and the bone therein, at the place where it had been struck by said automobile, suddenly snapped in two, and became completely fractured; that said fracture was about two inches above the ankle bone, and said bone had been partially, but not completely fractured, when plaintiff was struck by said automobile, and when the plaintiff suddenly turned as aforesaid, to grab his son, the weakened condition of said bone, caused by reason of said partial fracture, as aforesaid, said bone to become completely fractured; that plaintiff had said fracture reduced, but the bone became diseased, and plaintiff was compelled to have said right leg operated upon; part of the bone removed therefrom and a silver plate inserted in said leg to support the same. That plaintiff has, except as hereinbefore stated, ever since the 16th day of December, 1919, and always will be wholly disabled from performing any work or labor, particularly that of street car conductor."

Plaintiff also alleged that defendant had actual knowledge of plaintiff's injuries and on December 22, defendant's assistant general manager, Fennimore, told plaintiff—

"That when plaintiff wanted any compensation or assistance to let him, the said Fennimore know, and the defendant thereby waived presentation of claim for compensation within three months from date of plaintiff's injury."

Plaintiff also pleaded:

"That the defendant by and through J. A. Fennimore, its duly appointed assistant general manager, and John P. Curran, its duly appointed attorney, within three months after the plaintiff's injury, and disability, requested this

plaintiff to try and recover damages for his injuries from the said H. H. Hall, the driver of said automobile, by way of settlement, and the plaintiff pursuant to said requests did attempt to procure, by way of settlement, damages from the said H. H. Hall, but the said Hall was hopelessly insolvent and no damages could be procured from him, either by settlement or action; . . . That the defendant by requesting and causing plaintiff to enter into said negotiations with the said Hall, thereby waived its right to have a claim for compensation presented to it by plaintiff, within three months from the date of his injury."

In his opening statement, plaintiff's counsel said:

"Now, gentlemen, the evidence in this case will show and disclose that after Mr. Rogers worked at the times set forth in this petition he went home one day and that he and his wife and son were engaged in a little friendly scuffle; that his wife had jumped at him to scare him, or something of that sort; and he had started to take hold of her and the boy said—'jump on somebody your size' or words to that effect, and he gave a quick turn on his leg and his leg broke. The evidence will disclose that this last action would not have happened had it not been for the weakened condition of the leg due to the injury received by the automobile and that the accident at the time the automobile struck his leg at this place weakened it and brought about and caused his leg to be in such a condition that, in turning quickly on same, it snapped in two. That is the substance of the evidence of the plaintiff that will be shown and disclosed in this case."

On February 8, 1921, plaintiff made a written demand on defendant for compensation and for arbitration. This being refused, this action was begun, and disposed of on defendant's motion for judgment.

Was this error? We shall assume that this case is distinguishable from *Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657, and shall not critically question defendant's possible liability for plaintiff's secondary accident on December 16. We shall also assume that the accident sustained by plaintiff on November 20 did arise out of and in the course of his employment "on, in or about a railway" (R. S. 44-505) when he was knocked down by Hall's automobile; and while that accident and injury did not disable him from earning full wages for one week at any one time, yet in the aggregate it did so disable him for eight days, which would probably have justified a claim for compensation. (*Raffaghelle v. Russell*, 103 Kan. 849, 176 Pac. 640.) And the want of a written notice to the defendant of the accident, stating the time, place and particulars thereof, within ten days after the accident, would not necessarily bar plaintiff's right to compensation unless defendant could prove that it was prejudiced thereby. (R. S. 44-520.)

52—115 KAN.

But there is one imperative prerequisite to recovery imposed by the statute and which has not been refined away by judicial interpretation—a claim for compensation must be made within three months after the accident; and no such demand was made, based either on the accident on November 20 or the secondary accident of December 16. The statute plainly says:

"The failure to make a claim within the period above specified [three months] shall be a bar; *Provided, however,* that in case of incapacity of an injured employee the limitation herein shall not run during such incapacity." (R. S. 44-520.)

(*Smith v. Process Co.,* 100 Kan. 40, 163 Pac. 645; *Knowling v. Morris & Co.,* 101 Kan. 205, 165 Pac. 841; *Jacobs v. Coal Co.,* 105 Kan. 234, 182 Pac. 410; *Whitby v. Armour & Co.,* 114 Kan. 445, 219 Pac. 253.)

Did the statement of Fennimore, the defendant's assistant manager, to plaintiff, "that when plaintiff wanted any compensation or assistance, to let him know," amount to a waiver of a demand for compensation? We think not. In *Knowling v. Morris & Co.,* supra, it was held that an endeavor on the part of an employer to have the workman present a claim for compensation "was the very opposite of a waiver." Nor can any waiver of demand for compensation be discerned in the advice or request of defendant's manager and attorney that plaintiff should try to recover damages against the man who ran him down with his automobile.

The record discloses no error and the judgment is affirmed.