No. 25,518.

RICHARD CHAPPELL, *Appellant*, v. MORRIS & COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION—*Injuries Within Act—Loss of Time*. In an action for compensation for personal injury under the workmen's compensation act, the evidence disclosed that plaintiff lost no time by reason of the injury "from earning full wages at the work at which he was employed." *Held*, a demurrer to plaintiff's evidence was properly sustained.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed April 11, 1925. Affirmed.

*J. H. Brady*, and *T. F. Railsback*, both of Kansas City, for the appellant.
*C. W. Trickett*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for compensation for personal injuries under the workmen's compensation act. The court sustained a demurrer to plaintiff's evidence and he has appealed.

The evidence tended to show that on or about July 15, 1921, the plaintiff, while working for defendant, met with an accident to his eye. He was breaking a drum of lye by striking it with a sledge hammer, when a small piece of the lye flew up into his eye. He went to the nurse at the plant, who treated the eye and bandaged it. He told the nurse, "I am going home until this eye gets well—the doctor pronounces it well—and I want you people to pay me straight time." The nurse advised him not to go home, but to see his foreman. He then went to the foreman and wanted to go home because his eye was paining him. The foreman told him if he went home he would be discharged. He then said to the foreman: "I am

going home.  I want you to allow me straight time until the doctor pronounces me well; they have got to make a settlement after I come back."  The foreman answered: "If you ask any more to get off or for money out here, I will recommend you be discharged. Take your clothes; you don't have to come back."  He did not go home, but returned to his work.  He wore a bandage over the eye for two or three weeks, but lost no time at his work, and continued to work until a strike of workmen was called in defendant's plant on December 3, at which time he went out on a strike.  On February 10, 1922, he went to see defendant's claim agent, where he signed up the following statement:

"I am 33 years old; married; live at 1829 Park street, Kansas City, Kansas. I started to work for Morris & Company in January, 1921, in the lard department.  Between the 1st and 20th of July, 1921, I got some lye in my right eye while beating a drum of lye on the loading dock at the plant.  I reported my injury to the doctor's office at the plant the day injury happened.  I did not lose any time after the injury, but worked until the strike December 3, 1921. Mike Novak was my foreman at the time of above injury and knew about the injury to my eye.  I never asked him about the claim agent, or who he was and never asked or said anything to him about settlement of compensation for injury to my eye.  I did not ask anyone for compensation or said anything about a settlement for the injury.  I didn't lose any time from work by reason of the injury.  I know the condition of my right eye is not as good as it was before the injury, but haven't been examined by any doctor, so don't know to what extent the injury might affect it.  I have read the foregoing statement and know its contents and it is true.  .  .  .  Bert Samsky saw the accident, which occurred in July, when lye got into my right eye."

He testified that he did not read this statement and did not know its contents when he signed it, and that it was not correct; that on the day of his injury he thought his foreman was the claim agent and was so informed by the foreman; also that his eye was much inflamed and pained him severely for some time after the injury; that it still troubled him when he worked outdoors in the light, but gave no trouble when he worked inside where the light was not so strong.  There was evidence that when the eye was examined in September, 1923, there was found a condition of myopia (extreme length of the eyeball from front to back) in a high degree, which condition might have been caused by inflammation following an injury.  This condition affects the vision to some extent and is permanent.  On March 11, 1922, a formal claim for compensation was made.

The question presented is whether this evidence, construed as

favorably to plaintiff as can reasonably be done, would authorize a verdict or judgment in his favor. The statute provides:

"The employer shall not be liable under this act in respect of any injury which does not disable the workman for a period of at least one week from earning full wages at the work at which he is employed." (R. S. 44-501 [a].)

In this case the plaintiff lost no time, because of the injury, from earning full wages at the work at which he was employed, either directly following the injury or later. He continued to work and to draw full wages until he voluntarily quit the employment with defendant at the time of the strike; and for all this record shows, had it not been for his quitting at that time he would have continued his employment to the present time. The provisions of the statute are construed as a part of the contract of employment, and are binding alike upon the employer and the employee. (*Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193; *Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784, and cases there cited.)

The specific point was before the court in *Whitby v. Armour & Co.,* 114 Kan. 445, 219 Pac. 253, where it was held:

"The workmen's compensation act does not award compensation for accidents and injuries to a workman unless they are of sufficient gravity to disable the workman 'for a period of at least a week from earning full wages at the work at which he was employed.'" (Syl. ¶ 1.)

There the workman lost five days because of the injury, and the court held he could not recover. Here the workman lost no time.

But it is argued that plaintiff's injury was such that he should have laid off more than a week, and that he was prevented from doing so only by the unwarranted language and conduct of his foreman. Obviously these are matters that might be urged with more or less force, differing only in degree, in almost any case where there was injury without loss of time or earnings. The statute has fixed this rule, which became a part of the contract of employment, and we have no authority to change it.

While a decision on the one point is sufficient to sustain the judgment of the trial court, it may be noted that no claim for compensation was made within three months, as required by the statute (R. S. 44-520), nor reasonable excuse shown therefor. Plaintiff's talk with defendant's nurse and foreman on the day of the injury might well be a notice of injury, but could not be construed as a claim for compensation, for the reason (1) that the wording of the conversation does not bear that construction, and (2) no compensa-

tion was then due, nor was it known whether any compensation would ever be due. (*Whitby v. Armour & Co.*, 114 Kan. 445, 219 Pac. 253; *Rogers v. Railway Co.*, 115 Kan. 815, 225 Pac. 108.) It was more than six months after the accident that plaintiff talked with defendant's claim agent, and nearly eight months after the accident when he made a formal claim for compensation.

The judgment of the court below is affirmed.