No. 26,916.

LILLIE BRADSHAW et al., *Appellees*, v. THE EAGLE PICHER LEAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Notice of Injury—Prejudice by Failure to Give Notice—Question for Jury.* Whether or not an employer operating under the workmen's compensation law was prejudiced by the failure of an injured workman to give the ten days' notice required by section 44-520 of the Revised Statutes is a question of fact to be determined by the jury.

2. SAME — *Evidence — Testimony of Physician—Knowledge of Employer—No Dispute as to Injury.* Physicians who, at the request of an injured employee, treat him for the injury, may testify concerning it and its consequences, although the employer had no knowledge of such treatment, where there is no dispute as to the injury or its consequences.

3. SAME — *Consent to Arbitrate — Sufficiency of Written Communication.* A written communication examined and held to have been a sufficient consent to arbitrate a claim for workmen's compensation as provided in section 44-522 of the Revised Statutes.

4. SAME—*Evidence—Sufficiency on Demurrer.* The demurrer of the defendant to the evidence of the plaintiff was properly overruled.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed July 10, 1926. Affirmed.

*Edward E. Sapp*, of Galena, for the appellant.

*Charles Stephens, Frank E. Dresia* and *Hubert Horning,* all of Columbus, for the appellees.

Workmen's Compensation Acts, C. J. pp. 110 n. 22, 127 n. 94, 97.

The opinion of the court was delivered by

MARSHALL, J.: The action is one by the widow and minor children of John Bradshaw to recover under the workmen's compensation law for his death caused by an accident to him while an employee of the defendant in its mine in Cherokee county. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

There was evidence which tended to show that John Bradshaw was an employee of the defendant; that while he was working for the defendant he was injured by a boulder rolling on one of his big toes; and that through the wound thus caused he became infected with tetanus, from which he died.

1. The defendant urges "that it has been prejudiced by lack of notice of the accident." Section 44-520 of the Revised Statutes in part reads:

"Proceedings for the recovery of compensation under this act shall not be maintainable unless written notice of the accident, stating the time, place and particulars thereof, and the name and address of the person injured, has been given within ten days after the accident. . . . The want of, or any defect in such notice, or in its service shall not be a bar unless the employer proves that he has, in fact, been thereby prejudiced. . . . And the failure to make a claim within the period above specified shall be a bar."

No written notice of the accident was given to the defendant. In *Knoll v. City of Salina,* 98 Kan. 428, 157 Pac. 1167, it was held that—

"An employer cannot avoid the payment of compensation to an injured employee under the workmen's compensation act because written notice of the accident was not given to the employer by the employee within ten days after the accident occurred unless the employer has been prejudiced by the lack of such notice." (Syl. ¶ 1. See, also, *Smith v. Process Co.,* 100 Kan. 40, 163 Pac. 645.)

Whether or not the defendant was prejudiced by failure to have ten days' notice was a question of fact to be determined by the jury. That question was submitted to the jury under proper instructions, and the jury found against the contention of the defendant. That finding is conclusive in this court.

2. Physicians employed by John Bradshaw to treat him for his injury were permitted to testify concerning the condition of the toe, the tetanus which resulted, and his consequent death. No notice was given to the defendant of the employment of those physicians,

nor of their examination or treatment of him. The defendant argues that the court committed error in permitting them to "testify as to what they found upon their examination, or to testify at all in the action pending." The defendant relies on section 44-517 of the Revised Statutes, which reads:

"If the employer or the employee has a physician or surgeon make such examination and no reasonable opportunity is given to the other party to have his physician or surgeon make examination, then, in case of a dispute as to the injury, the physician of the party making such examination shall not give evidence before the court in any action for compensation."

The two preceding sections of the statute should be noticed, sections 44-515 and 44-516 of the Revised Statutes.

Section 44-515 in part reads as follows:

"(a) After an injury to an employee, he shall, upon request of the employer, submit himself for examination at some reasonable time and place to a reputable physician or surgeon selected by the employer. . . . (b) If the employee requests he shall be entitled to have a physician or surgeon of his own selection present at the time to participate in such examination. (c) Unless there be a reasonable opportunity thereafter for such physician selected by the employee to participate in the examination in the presence of the physician selected by the employer, the physician selected by the employer shall not be permitted afterwards to give evidence of the condition of the employee in a dispute as to the injury. (d) Except as provided herein, there shall be no other disqualification or privilege preventing the testimony of a physician who actually makes an examination."

Section 44-516 reads:

"In case of a dispute as to the injury, the committee, or arbitrator as hereinafter provided, or the judge of the district court shall have the power to employ a neutral physician of good standing and ability, whose duty it shall be, at the expense of the parties, to make an examination of the injured person, as the court may direct, on the petition of either or both the employer and employee or dependents."

There was no dispute concerning the death of John Bradshaw; the cause of his death, tetanus; nor the fact that his toe had been injured. The defendant attempted to show that John Bradshaw had not been injured while he was working for it. That did not constitute a dispute as to the injury. The testimony of the physicians did not come within the prohibition of the statute and was competent.

3. The defendant says that "the court erred in admitting as evidence the purported demand for arbitration." The document of which complaint is made reads as follows:

"We have been employed by Mrs. Lillie Bradshaw, of Crestline, Kan., to represent her in the matter of herself and the minor children, Edna, Bertha, Vera, Harold Dean and Jessie De Bradshaw, in their claim against your company for compensation for injury to the husband and father, John Bradshaw, which occurred at your Crutchfield mine, east of Crestline, on or about the 11th day of August, and which injury resulted in his death September 9, 1924.

"We herewith inclose you notice of attorneys' lien, so that any adjustment that is made of the matter should be made through our office. These folks would like to get this claim settled up, if that can be done, or they are willing to arbitrate the matter. If you want to do this, please let us know by return mail."

The communication expressed a willingness to arbitrate the matter, which amounted to a consent to arbitrate under section 44-522 of the Revised Statutes.

4. The defendant complains of the order of the court overruling the demurrer to the evidence of the plaintiff. This complaint is based on the fact that no notice of the injury had been given, and that this action was commenced before sufficient time had elapsed after receiving the consent of the plaintiff to arbitrate the matter to enable the defendant to determine whether or not it would consent to arbitration. The consent to arbitrate was sent to the defendant by registered mail on September 27, 1924, and was received by it in the usual course of mail delivery. This action was commenced on October 17, 1924, more than ten days after the consent had been received by the defendant. The petition alleged that John Bradshaw had never filed a declaration with the secretary of state not to be bound by the terms of the workmen's compensation law. Upon that question there was no evidence offered by the plaintiff. The defendant also argues that this action was brought in violation of the provisions of section 44-520 of the Revised Statutes, which is the statute concerning written notice of the accident. The demurrer to the evidence was properly overruled.

The judgment is affirmed.