Mortimer v. Edgar Zinc Co.

---

No. 27,267.

W. S. MORTIMER, *Appellee,* v. THE EDGAR ZINC COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Manner and Time of Making Claim.*  Under the workmen's compensation act, a claim for compensation may be made orally in any language which constitutes a request for compensation, and may be made at any time within three months after the accident occurs.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge.  Opinion filed April 9, 1927.  Affirmed.

*J. A. Brady,* of Cherryvale, for the appellant.
*C. W. Mitchell,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The defendant appeals from an order overruling its demurrer to the petition of the plaintiff in an action to recover under the workmen's compensation law.

The defendant argues that the petition is defective in a number of particulars, as follows:  That "there is no allegation in the amended petition that the plaintiff had been prevented from earning wages or compensation in any definite or fixed amount"; that "there is no allegation in the amended petition that compensation has become due and payable in any amount"; that "the plaintiff . . . does not say anywhere in the petition that he lost any time"; and that "there was no accident within the meaning of the compensation law."

The petition alleged that the plaintiff was employed by the defendant; that the plaintiff and the defendant were operating under

Workmen's Compensation Acts, C. J. p. 106 n. 43; L. R. A. 1917D, 138; L. R. A. 1918E, 559; 28 R. C. L. 825.

the workmen's compensation law; that an accident occurred which resulted in injury to the plaintiff; that he was thereby partially disabled from performing labor, but that he continued to work from the time of the accident which occurred on February 29, 1924, until May 17, 1924, when he was compelled to quit work on account of the injury that he had received. The petition then alleged:

"That thereafter and within three months after the happening of the accident herein complained of to wit, on or about the 20th day of May, 1924, at the office of the defendant at its smelting plant in or near the city of Cherryvale, Kansas, the plaintiff made oral claim and demand for compensation for said injury, to the defendant's general superintendent, one G. W. Whipple; that the exact words of the said oral claim and demand not perfectly remembered by the plaintiff and for that reason cannot be herein more specifically set out, but that the substance of the conversation between the plaintiff and the said G. W. Whipple at the time and place named was as follows:

"The plaintiff stated that he had been injured on the 29th day February, 1924, while pursuing his duties as an employee of the defendant, in the following manner: That while he was wheeling a loaded wheelbarrow along a runway or corridor in defendant's smelting plant, the wheelbarrow struck an irregularity in the pavement of the corridor, in such a manner as to throw it violently to one side, and that in trying to keep the wheelbarrow from overturning the plaintiff strained and wrenched himself and sustained a hernia in the lower right-hand side of his abdomen; he inquired what the defendant was going to do about it for him, and stated that he wanted to be reasonable in his demands, but that he expected at least enough money for a surgical operation. That the said G. W. Whipple in reply told the plaintiff, in substance, that he believed the Edgar Zinc Company would not have to pay the plaintiff anything, because the plaintiff had not had a physical examination at the time he entered the defendant's employ; but that he would lay the matter before the president of the company and communicate further with the plaintiff; that thereafter, the plaintiff and the defendant having failed to agree upon the payment of such compensation, the plaintiff did, on the 4th day of February, 1926, consent in writing that the said claim be settled by arbitration, a copy of which written consent is hereto attached, made a part hereof, and marked 'Exhibit A,' that the defendant has failed, neglected and refused to consent in writing to such arbitration; that no committee representative of said employer and said workman exists or has existed since the time of the happening of the injury complained of."

The petition further alleged that prior to his injury the plaintiff was being paid as wages the sum of $3.80 per day for seven days of each week, $26.60 per week; and that since his injury he has been unable to earn more than $6 per week, and that he is entitled to receive the sum of $12 per week for a period of 415 weeks, or $4,980.

We quote from the brief of the defendant as follows:

"It will be noted that at the time of the alleged conversation the plaintiff had not been disabled for a period of one week; that he would not then be entitled to anything under the compensation act, that the compensation act would only award compensation for accidents or injuries to workmen after a disability covering a period of one week."

"The petition states the facts that the plaintiff did not make his demand for compensation after compensation was due, he is bound by his statements so made in his amended petition and he cannot recover; the demurrer thereto should be sustained."

"The conversation which he had with Mr. Whipple, general superintendent, did not constitute any demand under the authorities of this state."

"The plaintiff fails to state any cause of action in his amended petition either that he was injured in an accident, or that he has lost any time. . . . The plaintiff states he did work each and every day for seventy-eight days after he claimed to have been injured; . . . but he does not say he lost time, or fix any length of time by reason of any injury."

The defendant relies on *Whitby v. Armour & Co.*, 114 Kan. 445, 219 Pac. 253; *Rogers v. Railway Co.*, 115 Kan. 815, 225 Pac. 108; and *Chappell v. Morris & Co.*, 118 Kan. 210, 235 Pac. 117. In the last case cited the court said:

"While a decision on the one point is sufficient to sustain the judgment of the trial court, it may be noted that no claim for compensation was made within three months, as required by the statute (R. S. 44-520), nor reasonable excuse shown therefor. Plaintiff's talk with defendant's nurse and foreman on the day of the injury might well be a notice of injury, but could not be construed as a claim for compensation, for the reason (1) that the wording of the conversation does not bear that construction, and (2) no compensation was then due, nor was it known whether any compensation would ever be due." (p. 212.)

This case does not come within the rule declared in *Chappell v. Morris & Co.* In the present action the only reasonable interpretation that can be placed on the conversation between the plaintiff and G. W. Whipple, the general superintendent of the defendant, is that the conversation was a request for compensation for the injury the plaintiff had sustained.

In *Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431, the court said:

"Under the workmen's compensation act, any statement, oral or written, made within the proper time, by which the injured employee makes it known to his employer that he is claiming compensation, is sufficient to comply with the statute." (Syl. ¶ 3.)

See, also, *Knoll v. City of Salina*, 98 Kan. 428, 157 Pac. 1167, and *Smith v. Process Co.*, 100 Kan. 40, 42, 163 Pac. 645.

Section 44-501 of the Revised Statutes provides that—

"The employer shall not be liable under this act in respect of any injury which does not disable the workman for a period of at least one week from earning full wages at the work at which he is employed."

Section 44-520 of the Revised Statutes provides that claim for compensation shall be made within three months after an accident.

The defendant contends that the plaintiff's claim for compensation was made before any compensation was due him, and for that reason did not comply with statutory requirement. The statute does not prescribe the time when a claim for compensation shall be made except to provide that it must be made within three months after the accident. A claim for compensation on the day of the accident, or at any time within three months thereafter, complies with the statute. The claim may be made before any compensation is due. There was a sufficient compliance with the statute so far as the claim for compensation was concerned. ·

The petition stated a cause of action, and the judgment is affirmed.