## High and Workmen's Compensation Board v. Liberty Coal & Coke Company.

(Decided December 16, 1924.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Workman, though Earning Same Wages as Before Injury Causing Disability, Entitled to Compensation.— Under Ky. Stats., section 4899, fact that injured workman is employed at same work and earning same wages after injury as be-

fore, does not disentitle him to compensation if his physical efficiency has been substantially impaired.

2. Master and Servant—Employe Held Entitled to Compensation for Impairment of Efficiency of Finger.—Where 75 per cent. impairment of efficiency of finger did not render it more than useless, held employe was nevertheless entitled under Ky. Stats., section 4899, to compensation for impairment of his future usefulness or occupational opportunities, notwithstanding his earnings at the present employment were not diminished.

3. Master and Servant—Amount of Compensation for Compensation Board.—Amount of compensation is question for Workmen's Compensation Board, where there is some evidence that employee's future usefulness or occupational opportunities were impaired.

E. PHILPOT for appellants.

WILLIAM M. DUFFY and LOW & BRYANT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Liberty Coal & Coke Company and its employe, W. H. High, had each accepted the provisions of the Workmen's Compensation Law. On May 3, 1921, High received an injury which produced a stiffness in the third joint of his index finger, and applied to the Workmen's Compensation Board for compensation. On observation the board found that the stiffness was not total, but amounted to about 75%. Appellee testified that he was never laid off, or disabled, by the injury, but continued to work with a part of his hand, and his earnings thereafter were about the same as they had been before the accident. Dr. Nuckols testified that High had ankylosis of the joint, and that he estimated his disability at ten weeks. On cross-examination he stated that he estimated the permanent partial impairment at about 75%, but that the joint was not more than useless, by reason of the condition described. It was conceded that High's average weekly wage was sufficient to entitle him to compensation computed on the maximum. After holding that the only question before the board was the extent of the injury, the board concluded from the evidence that the impairment of High's finger was sufficient to entitle him to compensation for eleven weeks at $12.00 a week, and made an award to that effect. On appeal the Bell circuit court held that High was not entitled to compensation, and entered a judgment setting aside the award. From that judgment High appeals.

Section 4899, Kentucky Statutes, provides compensation for certain specified injuries. Among those provisions is the following:

> "For ankylosis (total stiffness of) or contractures (due to sears or injuries), which makes the fingers more than useless, the same number of weeks apply to such finger or fingers (not thumb) as given above."

As the evidence did not bring appellant's case within the foregoing provision, the circuit court held that he was not entitled to compensation. But the statute does not stop with the specific injuries. It goes further and provides:

> "In all other cases of permanent partial disability, including any disfigurement, which will impair the future usefulness or occupational opportunities of the injured employe, compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the injured employe and age at the time of injury; the compensation paid therefor shall be sixty-five per cent (65%) of the average weekly earnings of the employe, but not less than five dollars ($5.00) nor more than twelve dollars ($12.00), multiplied by the percentage of disability caused by the injury, for such period as the board may determine, not exceeding 335 weeks nor a maximum sum of four thousand dollars ($4,000.00)."

The question is, does appellant's case fall within the last provision? It was the purpose of that provision to provide compensation in all cases other than those specified, for any permanent partial disability that would impair the future usefulness or occupational opportunities of the injured employe. Therefore, the fact that an injured workman is employed at the same work and the same wages after the injury as before, will not disentitle him to compensation if his physical efficiency has been substantially impaired. Burbage v. Lee, 87 N. J. Law 36, 93 Atl. 859; Gailey v. Pete Bros. Mfg. Co., 98 Kan. 53, 157 Pac. 431. In the last mentioned case it was held that where an employe, in consequence of an injury to his fin-

gers, could not tightly close them in his hand, and was therefore rendered less able to do his work, he was partially incapacitated from performing labor, and entitled to compensation. There being some evidence tending to show that appellant's future usefulness or occupational opportunities were impaired, the question of compensation was for the Workmen's Compensation Board, and its finding should have been affirmed by the circuit court.

Judgment reversed and cause remanded for proceedings consistent with this opinion.