## Henry Bickel Company v. Commissioners of Sewerage of Louisville.

(Decided February 10, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Municipal Corporations—Contract Giving Contractor Premium for Finishing Work Before Time Fixed in Contract, and Penalizing Him for Delay, Held Valid.—Contract with commissioners of sewerage of Louisville, for construction of sewers, giving contractor $25.00 for each day he finished work before time fixed in contract, and requiring him to pay same amount for each day that he delayed completion of his contract, held valid where form of contract was submitted to all bidders.

2. Municipal Corporations—Statutory Requirement Fully Met when Form of Contract is Shown in Public Proposal for Bids, and all Bidders Bid with Knowledge Thereof.—Requirement of Acts 1912, c. 120, section 9, Acts 1920, c. 86, section 9, that all work done or material purchased by commissioners of sewerage of Louisville, when involving an expenditure of $500.00 or more, shall be by contract awarded to lowest and best bidder, is fully met when form of contract is shown in public proposal for bids and all bidders bid with knowledge of form of contract to be executed.

BLAKEY, DAVIS & LEWIS for appellant.

W. T. BASKETT and GROVER G. SALES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The Commissioners of Sewerage of Louisville is a corporation created by the act of March 18, 1912, Acts 1912, p. 416. Its duties are defined by that act and by the act amending it approved March 23, 1920. See Acts 1920, p. 400. The city of Louisville voted the bond issue as provided in the act and the sewerage commission was authorized to construct an extended system of sewers for the city. Among the powers of the commission are these:

> "5. To establish and enforce such reasonable rules and regulations for its own government and for the provision, protection, management, and conduct of its work, as it may deem expedient.
> "6. To make and enter into, in its name, any and all contracts, agreements or stipulations germane to the scope of its duties and powers under this act." (Sec. 6).

The commission established its rules and regulations. Pursuant thereto it provided for the construction of certain sewers and advertised for public bids for the work pursuant to a form of contract adopted by it. This form of contract, among other things, contains the following provisions:

"Art. XIII. In case the entire work contemplated and provided for under this contract is satisfactorily completed before the twenty-sixth day of March, 1923, the commission shall pay to the contractor a premium of twenty-five dollars ($25.00) per day for each calendar day, Sundays and legal holidays excluded, that the contract is completed before said date.

"Art. XIV. In case the contractor fails to satisfactorily complete the entire work contemplated and provided for under this contract on or before the twenty-fourth day of March, 1923, the commission shall deduct from the payments due the contractor each month the sum of twenty-five dollars ($25.00) for each calendar day, Sundays and legal holidays excluded, of delay, which sum is agreed upon not as a penalty, but as fixed and liquidated damages for each day of such delay, to be paid in full and subject to no deduction."

These provisions were contained in the proposed form of contract which was submitted to and considered by all of the bidders on the work. The Henry Bickel Company was the lowest and best bidder for two contracts. One of these contracts it completed satisfactorily before the 26th day of March, 1923, the other it did not complete until after the 24th day of March, which were the dates for the completion of the contracts. It claimed a premium of $25.00 a day for each day the contract was completed before March 26, 1923. The commissioners of sewerage declined to pay the premium and this action was filed by the Henry Bickel Company under the declaratory judgment act to obtain the judgment of the court as to the validity of the above provisions of the contract. The circuit court held Art. XIII invalid but Art. XIV valid; that is, that the Henry Bickel Company must pay $25.00 for each day the completion was delayed, but that it was entitled to nothing if the contract was completed before the time fixed therein. The Henry Bickel Company appeals.

The judgment of the circuit court seems to be rested upon Katterjohn, &c. v. Board of Education, 202 Ky. 690. But that case is essentially different from this case. In that case the board made a contract on December 30, 1920, for the erection of a building to be completed on or before September 15, 1921, and in the contract agreed to pay the contractor the sum of $100.00 for each day the building was completed before that date. The powers of the board are thus defined in the statute creating it:

> "All contracts for the erection of school buildings and additions thereto shall be made by said board of education, after public letting, to the lowest and best responsible bidder complying with the terms of letting, but it may reject all bids." Ky. Stats., 3235a, subsec. 19.

The allowance of $100.00 a day first appeared in the contract made after the bidding was closed. It was a bonus pure and simple to the contractor. The other bidders might have bid very differently had they known that this was to be a part of the contract. The bonus for thirty days would amount to $3,000.00 and for sixty days to twice that. To make such an addition to the contract would be to make nugatory the statute requiring a public letting to the lowest and best bidder. The meaning of the statute is that when the bids are made and the lowest bid accepted the contract must be upon the bidding without any gift to the bidder. Otherwise the work will not be let to the lowest and best bidder. It was, therefore, held in that case that the power of the board being defined by the statute it was without power after his bid was accepted to give the bidder a bonus in the contract.

But that is not this case. Here the form of contract was submitted to all the bidders. Each bidder when he made his bid knew that these conditions would be put in the contract. They all stood on equal footing. The conditions were a part of the proposition and the proposition was accepted subject to the conditions. The contract worked both ways. It gave the contractor $25.00 for each day he finished the work before the time fixed in the contract and he was required to pay the same amount for each day that he delayed the completion of his contract. Such provisions are very common in con-

tracts made by individuals or private corporations and there is no reason why a public corporation may not contract as other good business men make contracts. It was not the purpose of the legislature to restrict the commissioners from exercising good business judgment. They were only required to give all the bidders an equal chance and to accept the lowest and best bid. Acts 1912, p. 421, sec. 9, Acts 1920, p. 405, sec. 9, provide:

"All work done, or supplies or material purchased in carrying out the purposes of this act, when involving an expenditure of five hundred dollars or more, shall be by contract awarded to the lowest and best bidder."

This requirement of the statute is fully met when the form of contract is shown in the public proposal for bids and all the bidders bid with knowledge of the form of contract to be executed.

Judgment reversed and cause remanded for a judgment as above indicated.

Judge Dietzman not sitting.