J. H. RUSSELL v. BIG MOUNTAIN COLLIERIES.*

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. WORKMEN'S COMPENSATION. METHOD OF COMPUTA-
TION.

Where there is no specific method of computation of the disability
of the employee prescribed by the Act, the computation shall be
made under the last paragraph of Section 28, subsection (c) so
as to compensate an employee for the difference between the wage
earned at the time of the injury and the wage he is able to earn
in his partially disabled condition. (Post, p. 194.)

Citing: Section 28, Chapter 123, Acts of 1919.

2. WORKMEN'S COMPENSATION. COMPUTATION. EVI-
DENCE. APPEAL.

Where there is no evidence upon which compensation can be com-
puted for the permanent partial disability sustained by the peti-
tioner and not enumerated in the Act the case will be reversed.
(Post, p. 196.)

3. APPEAL. ASSIGNMENTS OF ERROR. IMMATERIAL. RE-
REVSAL.

Where the action of the trial court in refusing to grant a contin-
uance and refusing to allow the petitioner to amend after the
proof is in, and the case is reversed by this Court on the facts,
said assignments of error are immaterial. (Post, p. 196.)

---

*Headnote 1. Workmen's Compensation Acts, C. J., section 85.

---

FROM MORGAN.

---

Appeal from the Circuit Court of Morgan County.—
HON. W. H. BUTTRAM, Judge.

LINDSAY, YOUNG & YOUNG, for plaintiff in error.

156 Tenn.—13.

W. Y. BOSWELL, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petitioner sustained injuries arising out of and in course of his employment. A mule used by him in the mine to draw tram cars kicked him on July 8, 1925, and a blow in the region of the kidney resulted in temporary total disability until August 31, 1925.

In the testimony of physicians introduced by both parties, we find evidence to sustain the conclusion of the trial Judge that the petitioner's kidney was dislocated, resulting in permanent partial disability running after the period of temporary total. Witnesses testified that the injury impaired petitioner's ability to labor from thirty to fifty per cent. Upon the facts the trial Judge held petitioner entitled to recover thirty per cent of his average weekly wages of $14.88 for a period of 292 weeks, payable in installments of $17.84 every four weeks, and a judgment was accordingly entered.

The defendant appealed and assigns error through which it is urged that the judgment should be reversed; (1) because the trial Judge refused to grant a continuance to enable defendant to procure the deposition of Dr. Barry. (2) For refusing to allow petitioner to amend the answer after the proof was in, and therein tender to the petitioner the right to an operation which the proof showed would produce a permanent cure. (3) That the evidence does not sustain the judgment of the Court, and especially that the method of computing compensation is not authorized by the Statute.

(1) The process was wrong. The method of computing the compensation is not authorized by the Statute. Compensation is determined by reference to impaired earning capacity.

Section 28, Chapter 123, Acts of 1919, schedule (c) enumerates the compensation for loss of digits, arms, legs and eyes, preceded by the statement ''for permanent partial disability the compensation shall be based upon the extent of such disability.'' Then follows another but related provision that in case of permanent partial disability due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss.

The foregoing provisions do not regulate the compensation for injuries other than those specially mentioned in the schedule. They present no measure by which to determine compensation for disability resulting from causes not therein enumerated. Another provision of the Act controls. The last paragraph of Section 28, subsection (c), provides:

''In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of twelve ($12) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks.''

By this provision the compensation is measured by the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition. It is determined by finding fifty per cent of the difference. As a result of this provision, the compensation would be fifty per cent of the difference

not to exceed the maximum of $12 a week for not more than three hundred weeks.

*(2)* There is no evidence upon which compensation can be computed for the permanent partial disability sustained by petitioner and "not enumerated" in the Act. The evidence shows that petitioner returned to work for the defendant in its mines on August 31, 1925, and continued an indefinite time until he accepted employment with Poplar Creek Mining Company where he worked for another indefinite time. He quit that work because it hurt him to lift, and thereafter worked a two-acre garden on his father's farm, and engaged in occasional hauling with a wagon and team jointly owned with his father. The record contains no suggestion of what he earned by these subsequent employments and avocations. Nor does it suggest "the wage he is able to earn in his partially disabled condition."

The judgment of the trial Court must be reversed because there is no evidence upon which to compute compensation according to the provisions of the Act.

*(3)* The other assignments of error are rendered immaterial by this conclusion because the judgment must be reversed and the cause remanded for another trial.