# Lawson v. Wisconsin Coal Corporation et al.

April 21, 1942.

Courtney C. Wells and Jesse Morgan for appellant.

Craft & Stanfill for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Malcolm Lawson suffered an injury to his back while cutting coal (hostling) in a mine of the Wisconsin Coal Corporation. He was allowed compensation for total disability for a limited period of time, and thereafter was awarded compensation on the basis of a permanent partial disability of 35 per cent to his body as a whole, with a proviso hereinafter discussed. After his period of hospitalization Lawson returned to work for the Company as an attendant at the lamp house for a few months and then began operating a coal cutting machine. He is earning as much, or more, at the latter job as he was at the time he was injured.

The part of the Board's award to which complaint is directed, and which was approved by the trial court, follows:

"* * * provided however that Defendant

may be relieved from the payment of compensation to Plaintiff for any number of weeks during the compensable period that it shall furnish Plaintiff with employment suited to his physical condition at a wage equal to or in excess of the wage he was receiving at the time of the injury complained of.

"Defendant may take credit for any amount heretofore paid Plaintiff as compensation for the injury complained of."

The reason given by the full Board for this action is:

"* * * The partial permanent disability which the Referee finds from the record and which the record seems to show does not affect Plaintiff's earning power in the work to which Defendant has assigned him since his return to work. The Board realizes that the partial disability which Plaintiff suffers may sooner or later affect his ability to operate a coal cutting machine or in any other activity of the mine and to protect him against such an eventuality his partial permanent disability should remain fixed as found by the Referee, but since the Defendant is furnishing Plaintiff employment at a wage equal to or in excess of the wage paid him at the time of the injury it hardly seems fair to add to that wage compensation in any amount so long as Plaintiff's earning power is not affected by the injury. * * *"

Lawson relies primarily upon the case of High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S. W. 1095, in urging reversal of the judgment of the trial court. He insists also that his case can be distinguished from Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. (2d) 672; and that Section 4900 of the Statutes is not applicable to an award of compensation made for permanent partial disability under Section 4899 of the Statutes. The company relies primarily upon the Ditty case.

In the recent case of Columbus Mining Co. v. Sanders, 289 Ky. 438, 159 S. W. (2d) 14, in commenting upon the Ditty case, we said that the case was a close one involving rather unusual circumstances, and that we were not disposed to extend its application. Ditty was injured while loading coal. His average weekly earnings were about $38. After drawing compensation for several months he returned to work as a track cleaner and after

working a few weeks on that job he was given employment as a pumper. He made $30.60 a week on the basis of a five day week on that job. The Board had found him to be totally and permanently disabled to again load coal or do other hard manual labor, and awarded him maximum compensation subject to a credit for the number of weeks in which the Company paid or might thereafter pay him a weekly wage of $15 or more. We definitely decided in that case that the Board has the authority to make an award for maximum compensation and then to direct credits thereon under certain conditions.

We were asked by the Company in the Sanders case to apply our ruling in the Ditty case, and, as indicated, we expressed our unwillingness to do so. There Sanders was injured while loading coal. The Board found that he was totally and permanently disabled to again perform manual labor, and awarded him maximum compensation on the basis of 85 per cent of his disability (the remaining 15 per cent being the result of pre-existing disease) subject to the provision that the company take credit for the wages received by him as a check weighman. We pointed out that there was no showing that the employer had offered Sanders employment, as in the Ditty case, and also that it was the prerogative of the miners to choose a check weighman, his pay coming from deductions from their wages and not from the employer.

In the High case the employee suffered an injury causing stiffness in the third joint of his index finger. However, he was not laid off or disabled by the injury, but continued to work with a part of his hand and his earnings after the injury were about the same as they were before the accident. It was found that the employee's injury would impair his future usefulness or occupational opportunities and compensation was allowed him because his physical efficiency had been substantially impaired. The cases of Burbage v. Lee, 87 N. J. L. 36, 93 A. 859, and Gailey v. Peet Bros. Mfg. Co., 98 Kan. 53, 157 P. 431, were cited in support of this ruling. It was also said in the High case [207 Ky. 197, 268 S. W. 1096]:

"" * * * There being some evidence tending to show that appellant's future usefulness or occupational opportunities were impaired, the question of compensation was for the Workmen's Compensation

Board, and its finding should have been affirmed by the circuit court.''

It can be seen from the foregoing that the facts and circumstances in the High case were somewhat different from those in the case before us and those in the Ditty case. However, if it be contended that the High case denied to the Board the right to make an award for compensation and then to direct credits thereon under certain conditions, it is overruled to that extent.

We have noted that the appellant contends that Section 4900 of the Statutes is not applicable to instances where an employee has been awarded compensation for permanent partial disability. This section reads:

"If an injured employee refuses employment reasonably suited to his capacity and physical condition procured for him, he shall not be entitled to compensation during the period of such refusal unless, in the opinion of the board, such refusal was justifiable.''

The section is a part of the Workmen's Compensation Act, c. 33, Acts 1916, and immediately follows the sections of that Act relating to types of compensation. It is just as applicable to one type of compensation as to another, and it follows necessarily that the Board has as much authority to make an award for permanent partial disability and to direct credits thereon as it has to do so in a case where an award has been made for total disability. More arguments could be advanced in support of such action in a case of permanent partial disability than in one involving total disability.

The full Board opinion shows clearly that the Board took into consideration the fact that the company had furnished Lawson with work suitable to his capacity and physical condition, and also that the Board found that he was able to do the work. As said in the case of Leckie Collieries Co. v. Branham, 275 Ky. 748, 122 S. W. (2d) 776, the final determination of whether an injured employee is able to do work furnished him by his employer rests entirely with the Board. Such a question can be taken before it at any time.

It follows from what has been said that it is our conclusion that the judgment should be and it is affirmed.