# Black Mountain Corporation v. Mullins.

May 10, 1946.

James Sampson for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On August 6, 1941, the appellee, Ernest Mullins, sustained a compensable injury as a laborer in the coal mine of appellant, the Black Mountain Corporation. He was paid compensation by appellant for a while (both before and after the award) the total amount of which was $540.70, following which payments ceased.

On August 18, 1942, plaintiff made application to the Compensation Board for an award, and the Full Board on May 4, 1943 (on review of an award theretofore made by a referee) allowed statutory compensation for 80% permanent disability; but provided therein: "That defendant may be relieved from the payment of compensation to plaintiff for any number of weeks during the compensable period during which defendant furnishes to the plaintiff employment suited to his physical condition at a wage equal to, or in excess of, the wages that he was receiving at the time of his injury."

That provision was authorized by KRS 342.115-4900 Carroll's Kentucky Statutes, which says: "If an injured employe refuses employment reasonably suited to his capacity and physical condition procured for him, he shall not be entitled to compensation during the period of such refusal unless, in the opinion of the board, such refusal was justifiable."

There was no appeal for a review of that award by either party. Compensation was paid by appellant pursuant thereto until June 21, 1943, when appellee accepted employment with appellant at a weekly wage of $48.30, which was $5.30 more than his weekly wage at the time he was injured. Appellee continued in that employment until August 11, 1943, when he, according to the record, voluntarily quit his employment, following which appellant ceased to make the weekly payments awarded by the Board on the ground that: "The plaintiff, however, has refused to continue in the defendant's employ at such a wage ($48.30 per week) though the defendant has at times been ready, able and willing to continue furnishing him with such employment." (Our parenthesis.)

After the expiration of eleven months of nonpayment by appellant appellee instituted this proceeding in the Harlan circuit court, as authorized by section 342.-305 (4939 Carroll's Ky. Statutes), for an enforcement of the award. Appellant in its response thereto admitted all of the facts hereinbefore stated, and in a separate paragraph affirmatively alleged the facts of appellee's subsequent employment by it, his voluntary ceasing to labor thereunder, and relied on section 342.115, supra, as a defense to the court issuing executions against it as sought by appellee. The court sustained the latter's

demurrer thereto and upon appellant's failure to plea-further it entered judgment pursuant to the prayer of appellee's application, and directed the issuing of the proper writs for the enforcement of the amount of the unpaid award by appellant, and also for each and every installment thereafter following its due date. From that judgment appellant prosecutes this appeal.

Appellee's counsel in their brief on this appeal seek to sustain the judgment appealed from on the ground that the Board has the exclusive jurisdiction of all questions affecting and relating to compensation of injured employees, such as the amount thereof, the duration thereof (dependent upon the extent of the injury) and under what facts and circumstances compensation should cease, or be suspended. A number of cases are cited sustaining such contention by appellee's counsel, and no opinion of this court has ever held to the contrary. But appellant's response, to which the court sustained a demurrer, does not raise any such question, i. e., the exclusiveness of the Board's jurisdiction in regard to any of the matters stated. If appellee desired to raise such question and to have the Board pass upon it, he should have done so by a counter-pleading setting up a legal excuse for abandonment of the employment furnished him by appellant as his employer. Instead, as recited above, he demurred to the response which admitted the facts stated therein. It is true that he, pending the demurrer, entered a general denial of the facts stated in the response but which did not raise the question of legal excuse for his quitting that service. If he had no such legal excuse and appellant, as alleged in its response, was able and willing to continue his service, then appellant was excused from making the weekly payments directed by the award as long as it was able and willing to furnish such employment and appellee was able to perform it, or was without legal excuse to cease his service thereunder.

Our conclusions as so expressed are the only legitimate ones that may be drawn from the language of KRS 342.305, supra, since as stated in brief of appellant's counsel, "To argue otherwise would render useless any such provision (section 342.115 supra) of an award by the Board when such a provision has been upheld by this court in numerous cases." (Our parenthesis.) Two of such cases to which counsel refer are: Consolidation

Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672, 673, and Lawson v. Wisconsin Coal Corporation, 290 Ky. 375, 161 S. W. 2d 600. The latter case presented a state of facts practically identical with those contained in this record wherein there was an award for partial permanent disability.

If appellee on remand of this case to the Harlan circuit court should allege a legal excuse for having quit the service of appellant on August 11, 1943, so as to raise the issue of his right to collect compensation after ceasing to serve in the employment furnished him by appellant, then the court should remand the case to the Board for it to determine the issue of the existence or nonexistence of such excuse.

Wherefore, the judgment is reversed with directions to set it aside and to overrule appellee's demurrer to appellant's response, and for other proceedings consistent with this opinion.