## Warner et al. v. Lexington Roller Mills, Inc.

December 5, 1947.

Chester D. Adams, Judge.

R. E. Lee Murphy and P. T. Clark for appellants.

David C. Hunter and I. Jay Miller for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This is an appeal from a judgment of the Fayette Circuit Court modifying an award made to appellant by the Workmen's Compensation Board.

Appellant, on December 11, 1944, while employed as a truck driver by appellee, fell down a freight elevator shaft. His injuries consisted of concussion of the brain, a fractured jaw, and fractured bones in his right foot. In addition, he complained of what is termed "industrial" blindness. The Board found that his injuries resulted in a partial permanent disability to the extent of 50 percent. It further found that he "is now employed by the defendant and doing practically the same kind of work that he did before his injury, and that he is receiving wages equal to the amount of wages he received prior to his injuries." The Board awarded him the sum of $6 per week for a period of 335 weeks, not to exceed $4,000, giving appellee credit for compensation already paid.

The lower Court, after hearing the appeal, remanded the case to the Board with directions to amend its award so as to allow the employer certain credits on compensation accrued and to accrue. These credits were based on amounts paid and to be paid the employee while furnished suitable employment at wages at least equal to the weekly compensation awarded.

The question presented has two aspects: (1) whether or not the Board must allow an employer credit on an award for wages paid the employee while re-employed, and (2) what amount in wages must be paid before the credit is authorized.

In support of the lower Court's order, appellee refers us to a line of cases following our decision in Consolidation Coal Co. et al. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672. In that case the employee suffered an injury while working as a coal loader, earning approximately $38 a week. After his injury he was re-employed by the company at a different job and earned approximately $30 a week. The Board had found that the employee was totally and permanently disabled from performing hard manual labor, but ruled that the employer should be given credit for the amounts paid the employee as wages so long as they equalled or exceeded the awarded compensation of $15 per week. This Court upheld the ruling, doing so on the ground that the question of awarding compensation addressed itself to the Board and not the Court. We indicated, however, that we considered the Board's conclusion a fair and equitable one.

The basis of the Board's ruling in the foregoing case appears to have been Section 342.115 KRS, which provides as follows:

"If an injured employe refuses employment reasonably suited to his capacity and physical condition procured for him, he shall not be entitled to compensation during the period of such refusal unless, in the opinion of the board, such refusal was justifiable."

It appeared logical to conclude that since an employee was entitled to no compensation if he refused re-employment, the wages paid him if he did accept re-employment would take the place of his compensation.

In Lawson v. Wisconsin Coal Corporation, et al., 290 Ky. 375, 161 S. W. 2d 600, the award provided the employer would be relieved of paying compensation so long as it furnished suitable employment at a wage equal to or in excess of the wage the employee was receiving at the time of the injury. The Board's opinion in that case stated, page 376 of 290 Ky., 161 S. W. 2d 600:

"Since the Defendant is furnishing Plaintiff employment at a wage equal to or in excess of the wage paid him at the time of the injury it hardly seems fair to add to that wage compensation in any amount so long as Plaintiff's earning power is not affected by the injury." The action of the Board in this case was upheld.

In Black Mountain Corporation v. McGill, 292 Ky. 512, 166 S. W. 2d 815, we upheld an award of the Board which fixed compensation at the rate of $15 per week, but provided the employer should be relieved of paying compensation during the period in which the employer furnished suitable employment at a wage not less than $20 per week.

In Black Mountain Corporation v. Gilbert et al., 296 Ky. 514, 177 S. W. 2d 894, an award with the allowance of a similar credit to that in the preceding case was again upheld. We said that the Court was approving a rather broad exercise of discretion by the Board, but the rule worked in furtherance of justice and the Board should be permitted in its sound discretion to determine the amount of credit allowed the employer.

In Black Mountain Corporation v. Mullins, 302 Ky. 294, 194 S. W. 2d 528, we again recognized the validity of an award allowing credit while the disabled employee was re-employed, and held that where such re-employed person quits his employment without legal excuse he is entitled to no compensation.

The foregoing cases are inconsistent with our decisions in the cases of High and Workmen's Compensation Board v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S. W. 1095, and Black Mountain Corporation v. Letner et al., 303 Ky. 807, 199 S. W. 2d 611. In those

cases we stated that re-employment at the same work and same wages would not disentitle the employee to compensation if his physical efficiency had been substantially impaired. The High case however, was overruled in Lawson v. Wisconsin Coal Corporation et al., 290 Ky. 375, 161 S. W. 2d 600 (heretofore discussed), insofar as it denied the right of the Board to allow credits.

It will be noted that in the foregoing cases (except the last two), we have accepted the discretion of the Board in allowing credit where the employee is re-employed. In no case, however, have we gone so far as to require the Board to allow such credit.

In deciding this question, it is necessary to consider the objective of the Workmen's Compensation Law. KRS 342.001 et seq. Such law is not designed to give the employee damages for his injuries. Its purpose is to compensate for lost earning power. Compensation is defined in Webster's New International Dictionary, Second Edition, as: "That which constitutes, or is regarded as, an equivalent or recompense. That which makes good the lack of variation of something else; that which compensates for loss or privation; amends; remuneration; recompense."

The compensation act authorizes awards which substantially make up for the impairment of earning power caused by disability. If by virtue of re-employment the employee is paid the same or better wages than he was receiving at the time of the injury, his earning power is not affected and the allowance of an award over and above the wages would not be recompense but damages.

It can be argued that the injury may at some future date impair the employee's power to earn money. However, our law does not undertake to provide compensation on a permanent basis. It imposes an absolute liability on the employer for compensatory payments for fixed periods, but does not authorize awards in the nature of damages for permanent impairment of the power to earn money. When the statute provides that no compensation shall be paid where the employee unjustifiably refuses to accept suitable employment, the intention is clear that re-employment

shall take the place of compensation. This was apparently the view of the lower Court, which in our opinion was correct.

The other aspect of the question relates to the amount which must be paid the re-employed employee before the employer is entitled to credit. In the cases heretofore discussed, the Board has adopted several different measures ranging from the amount of compensation payable to not less than the same wage paid prior to the employee's injury. This has left the application of the law uncertain, and in some cases has deprived the employee of any compensation under the Act where his disability actually and immediately affected his earning power.

Our heretofore expressed opinion that the employer was entitled to credit where he re-employs an injured person was based on the premise that the employee would not suffer a present loss. We are convinced, therefore, that the intent and purpose of the Workmen's Compensation Act would be partially defeated if re-employment at a wage only equal to the amount of the award should deprive the employee of any compensation under the Act. It is our opinion that the Board should only authorize credit for wages paid when those wages are equal to or more than the employee received at the time of his injury. This principle was approved in the Lawson case heretofore discussed. Lawson v. Wisconsin Coal Corporation et al., 290 Ky. 375, 161 S. W. 2d 600.

From what we have heretofore said, it is apparent that the trial Court correctly directed the Workmen's Compensation Board to allow credit on the compensation payable so long as appellant was employed by his old employer. The Court, however, erred in not conditioning the credit upon the payment of a wage equal to or in excess of the wage paid at the time of injury. The facts in this case indicate that such adequate wage was being paid.

For the reasons herein stated, the judgment is reversed with directions to remand the case to the Workmen's Compensation Board, ordering it to allow appellee credit on the compensation awarded, to the

full extent thereof, so long as appellee paid or pays appellant a weekly wage equal to or in excess of the weekly wage paid at the time of his injury.