## National Distillers Products Corporation v. Jones et al.

November 9, 1948.

Rehearing denied March 11, 1949.

Peter, Heyburn & Marshall and Gavin H. Cochran for appellant.

J. W. Clements for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment sustaining an award of the Workmen's Compensation Board in favor of the appellee, George M. Jones, for permanent partial disability under KRS 342.110. The case presents rather an unusual question, and the appellant, National Distillers Products Corporation, is contending vigorously that the judgment should be reversed. On the other hand, Jones defends with equal vigor the Board's finding.

In August, 1945, Jones, who was a fire marshal at the Corporation's plant, received an injury while recharging a fire extinguisher. He was knocked unconscious and his left cheek bone was fractured in several places. He was hospitalized for six days and returned to work twelve days after the accident. In support of his claim for compensation Jones introduced proof show-

ing that his face was disfigured by a depression on his left cheek; the accident caused him to have a deviated septum which prevented proper breathing through the left nostril; three teeth were lost as the result of the accident; and he received an injury to his left eye which resulted in partial paralysis, enlargement of the pupil, double vision and a gaping of that eye. He said further that his left eye stays open when he sleeps and when he turns his head in a certain position he has little or no control over its movement. On the other hand, the Corporation sought to show that Jones received no scars to his face and had no facial blemish other than a slight depression in the contour of his left cheek, which was detectible only on close scrutiny.

Jones returned to his old job and subsequently received a raise, but was discharged about nine months after the accident. Thereafter he worked on several other jobs at pay as good as or better than he was receiving at the time of the accident. The Referee recommended an award for temporary total disability and medical expenses. Upon his appeal to the full board Jones was awarded compensation on the basis of 25 per cent permanent partial disability or $3.00 a week for a maximum of 335 weeks less the period for which temporary total disability was allowed and less the period during which the Corporation furnished Jones employment at a wage equal to or in excess of the wage paid him prior to his injury.

The first part of KRS 342.110 reads as follows.

"In all other cases of permanent partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employe, compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the injured employe and age at the time of injury. * * *"

In the cases of High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S.W. 1095, and Black Mountain Corporation v. Letner, 303 Ky. 807, 199 S.W.2d 611, it was held that after an injured employee returned to work the fact that he received wages equal to or exceeding those he

was making prior to his injury did not bar compensation for permanent disability if his physical efficiency had been substantially impaired. In each of those cases the Board found that there was a permanent partial disability resulting from a physical impairment, the stiffening of a joint in one finger in the first instance and the stiffening of three fingers of one hand in the latter. In the case at bar we are concerned with a permanent partial disability resulting from a facial disfigurement. The question is, Is there evidence of substance to support the Board's finding to the effect that Jones' injury and resulting disfigurement will impair his future usefulness and occupational opportunities? We must bear in mind that the Board was authorized to take into consideration "the nature of the physical injury or disfigurement" which Jones received.

The Corporation advances forceful arguments in support of its position that the finding of the Board was not. authorized, and cites numerous domestic and foreign cases in support thereof. The full Board was of the opinion that the Referee based his findings primarily upon "the demonstrated effect of the injury upon the plaintiff's 'usefulness,' " and further that he gave too little consideration to the effect which Jones' disfigurement may have in the future upon his occupational opportunities. The Board recognized that Jones' usefulness when measured by his wages had not been impaired up until the time of the hearing before the Referee, but it went on to say:

"On the other hand this Board takes cognizance of the fact that even though we be in a post war peace time era, yet the demand for both skilled and unskilled labor has continued up to this time at a far higher level than at any time during normal or average employment levels."

The Board stated further:

"It is unquestioned that there is some disfigurement. The medical testimony, the lay testimony, exhibits filed, including photographs prove this and the defendant admits this. Because the Board believes that this disfigurement does constitute other partial permanent disability as set forth in KRS 342.110, and will as normal employment times return, affect this plaintiff's opportunity to obtain employment, he should be com-

pensated therefor. A long line of cases have held that the fact that an injured employee can obtain additional employment because of unusual employment conditions, does not preclude him from receiving proper compensation."

We feel that there is basis for the Board's finding when we take into consideration the nature of Jones' injury and resulting disfigurement and his "future usefulness or occupational opportunities." The word "future" must not be overlooked when the statute under consideration is analyzed. The Board is not restricted to the consideration of what an injured employee may receive immediately upon his return to work, or to the work he obtained when there was great demand for all types of labor, as has been the case recently; but rather it has express statutory authorization to take into consideration the future usefulness and occupational opportunities of an injured employee.

This finding we believe to be consistent with the purpose of the Workmen's Compensation Act. The award is not in the nature of insurance or damages for permanent impairment of the power to earn money. It is common knowledge that any facial disfigurement is a handicap in obtaining employment. Of course, the extent of the handicap might vary in different occupations, but as pointed out above, we believe the injury sustained by Jones and resulting disfigurement were compensable under the statute in question.

Judgment affirmed.