800.

GIBBS v. AMERICAN MUT. LIABILITY
INS. CO.

No. 1995.

United States District Court
E. D. Tennessee, N. D.

June 3, 1953.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

Clyde W. Key, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This is an action under the Tennessee Workmen's Compensation Law, Code, sec. 6851 et seq., for benefits as for total permanent disability, or, in the alternative, for such benefits as the proof may warrant.

On August 1, 1951, the plaintiff, a heavy-duty mechanic employed by Harrison Construction Company, for which company the named defendant is the insurance carrier, while employed in the repair of the flood light on an elevator grader, fell a distance of about 25 feet and sustained back injuries which for a time totally disabled him. He was paid workmen's compensation benefits of $25 per week until April 8, 1952, when payments were discontinued. The reason stated by defendant for discontinuance of payments was that plaintiff had fully recovered and therefore was not entitled to further benefits.

At the time of his injury, plaintiff was earning a weekly wage of $112.80. Because of his physical condition he has not been able to resume the heavy work involved in his former employment. It does not appear that his former employer has offered him light work at his old wage, or at any other wage. He is presently employed by a brother, who pays him a salary of $50 per week and furnishes him living quarters valued at $25 per week in addition to the salary. His present employment is that of maintenance man for apartments, from 30 to 35 in number.

As to the percentage of his disability, medical proof is sharply at variance. One physician places his disability at from 10 to 15 percent, while another places it at about 50 percent. These percentages are material as showing that plaintiff is presently suffering a partial disability and that this partial disability bears reasonably close comparison to the decrease in his earnings. The Court does not regard the percentage of disability as material otherwise, as the statute provides the formula for determining the amount of compensation in a factual situation like this. Where an employee has sustained a compensable injury, other than to a scheduled member, resulting in diminished earning capacity, the compensation to which he is entitled, if presently

employed, is 60 percent of the difference between what he earned at the time of his injury and what, measured by his present bona fide wage, he is able to earn in his injured condition. This is subject to a maximum payment of $25 per week, during the partial disability, but not to exceed 300 weeks. Tennessee Code, sec. 6878(c). See, also, Russell v. Big Mountain Collieries, 156 Tenn. 193, at pages 195 to 196, 299 S.W. 798.

■ The mathematics of the case is as follows: The difference between the former wage of $112.80 per week and the present wage of $75 per week is $37.80. Sixty percent of $37.80 is $22.68. As the proof does not show other employment or disability than that above stated, the sum of $22.68 per week is the weekly compensation that should be paid to the plaintiff, beginning with the payment due next following the date of discontinuance of payments, namely, April 8, 1952, and continuing from that date until the payments provided by section 6878(c) have been completed.

Let an order be prepared in accordance with this opinion.