260 S.W.2d 157 (1953)
GREENEVILLE CABINET CO. et al.
v.
RAMSEY.
Supreme Court of Tennessee.
June 5, 1953.
On Petition for Rehearing July 17, 1953.
*158 Maupin, Berry & Coleman, Greeneville, for Walter Clark Ramsey.
J. H. Hodges, Knoxville, for Greeneville Cabinet Co.
GAILOR, Justice.
This is a suit under the Tennessee Workmen's Compensation Act and its amendments. Code, § 6851 et seq. While regularly employed by the defendant Greeneville Cabinet Company, the petitioner, Walter Clark Ramsey, caused a right inguinal hernia by lifting a radio cabinet, and after the injury which occurred on March 21, 1950, he continued in his regular employment with the cabinet company until April 18, 1950, when he entered a hospital and was operated on for the correction of the hernia. On May 5, 1950, he returned to work for the defendant as a supervisor at a wage equal to, or greater than the wage he had earned from the defendant prior to the accident and disability. The defendant recognized the claim and paid benefits for the hospitalization and surgical operation, as well as for the period of temporary total disability from April 18, 1950, to May 5, 1950.
On May 5, 1950, petitioner suffered a recurrence of the hernia, was offered a second operation, but refused further compensation. He thereupon filed this petition in the Circuit Court, seeking compensation for total permanent disability, "or in the alternative, petitioner have judgment for the sums due him according to the degree of his disability." The defendants answered and defended on two grounds: (1) That they were not liable for further compensation because petitioner had refused the second operation; and (2) that after the first operation, petitioner returned to work for the defendant Cabinet Company, in his regular job at his usual wage. On these pleadings, proof was taken and the case heard. In summary, the Trial Judge held that on the evidence, the petitioner had suffered a 50% disability, and that in view of the danger to petitioner, and the uncertainty of the result of the second operation, it would be unreasonable to require petitioner to submit. It was accordingly adjudged that the petitioner, for permanent partial disability, recover of the defendant the sum of $18.32 per week for 300 weeks.
From this judgment, both parties have perfected appeals. The petitioner has filed a motion that we reverse and remand the case because after the rendition of the foregoing judgment, he was discharged by the Cabinet Company, and has since been unable to secure employment from others. The defendants have filed a reply in which it is denied that the discharge of petitioner was on account of his physical disability or this accident.
Events occurring after the rendition of the judgment from which the appeal is taken are beyond the scope of our legitimate review, since our jurisdiction is appellate only, Rule 14, 185 Tenn. 866. For reasons that we shall presently consider, the Trial Judge rejected defendants' insistence that compensation should be denied because of petitioner's employment after the accident. The question whether petitioner is or is not employed, is wholly irrelevant and does not affect the validity of the judgment below, and in view of our disposition of the case, the motion is denied.
The assignments of error of the defendant present two propositions, namely: (1) That the petition should have been dismissed because the petitioner was not entitled to any compensation since he was earning, after the injury, as much or more than he had earned prior to the injury; (2) That compensation should be denied petitioner because he had refused to submit to the second operation which would "in all likelihood" remove the disability caused by the recurrence of the hernia. The assignments of error of the petitioner raise the single question that the Trial Judge erred in not holding the petitioner was permanently *159 and totally disabled, and in not awarding petitioner compensation as for a disability of 100%.
As to defendants' first proposition, the language of the statute, subsection (c) of section 6878, which is admitted to be applicable to the petitioner's compensation, provides that his compensation shall be fixed at 60% of the difference between his wage at the time of the injury, and the wage "he is able to earn in his partially disabled condition, subject to a maximum of twenty-five dollars per week." Defendants insist that since the evidence is undisputed, that the petitioner "is earning" as much after, as before the injury, that this evidence is conclusive of the fact that petitioner is not entitled to compensation. Such is not the yardstick laid down by the statute. We must conclude that if the Legislature had intended to have the phrase "is able to earn" construed as "is earning," that it would have said so. The question is whether, in the open labor market, in his disabled condition, the employee, after the injury, is able to earn in spite of his disability, as much as he was able to earn before the injury. We approve the following statement of the Trial Judge in this connection:
"The evidence shows that the petitioner is not as able to work now as he was before the injury. Dr. Coolidge says he is totally disabled from positions requiring much, if any, physical exertion. It is not what he is earning, but what he is able to earn generally. In his present condition he is not a merchantable product. He is not as able to earn the income now that he was before the injury and operation. Some particular employer might have some reason to employ him, but he is not in his present condition fit for the general employment market. He is an odd lot and not fit for general employment."
At the time of the hearing the petitioner was 41 years of age, and by education and training, fit only for manual labor. In fixing the amount of his disability for that employment at 50%, the Trial Judge accepted the exact testimony of two of the doctors. So the judgment was amply supported by material evidence. This disposes of defendants' first proposition, supra, and it also disposes of petitioner's proposition that he was entitled to compensation for permanent total disability at 100%.
Finally, we consider the proposition that petitioner should be denied compensation because he refused to submit himself to the second operation. The statute makes no provision for a second operation, and this exact situation is not covered by any authorities cited by the defendants. There was no absolute guaranty by any of the doctors that a second operation would certainly remove the disability and prevent a recurrence of the hernia. The defendants recognized this in the use of the phrase "in all likelihood," supra. We agree with the Trial Judge in the following:
"The evidence does show that petitioner submitted to an operation for this injury and that it was not successful, and there is no proof that the failure of this operation to correct the hernia was due to the way the operation was performed by the doctor which defendants furnished petitioner for this purpose.
"And while the petitioner may be right in his position that the act does not provide for a second operation for the same injury and the same hernia, and I am inclined to this view and so hold.
"I also find that since this petitioner has submitted to an operation and that it was unsuccessful and there is no showing that this was due to any fault on the part of the doctor performing the operation, that it would be unreasonable and unsafe to require him to submit to another operation for the same hernia.
"If an employee under Workmen's Compensation can be required to undergo a second operation, he can be required to undergo a third, fourth, fifth, or any number of operations until it becomes unreasonable.
"In this case I find that a second operation for the petitioner would be unreasonable *160 for the reasons already stated in these findings."
Since the applicable statute, Code, § 6892a, makes no provision for a second operation, we think the question falls within the sound discretion of the Trial Judge to determine whether, under all the facts and circumstances of the particular case, to require a second operation, was or was not reasonable. There being evidence in the present case to support the conclusion of of the Trial Judge that here the requirement would be unreasonable, we will not disturb his judgment in that regard.
All assignments of error are overruled and the parties will divide the costs.

On Petition for Rehearing.
Petition to rehear has been filed in which it is insisted that by affirming an award for compensation in this case, we have ignored or overruled a long line of Tennessee cases from Russell v. Big Mountain Collieries, 156 Tenn. 193, 299 S.W. 798, to Crane Enamel Co. v. Jamison, 188 Tenn. 211, 217 S.W. 2d 945.
There is no merit in this proposition.
"The test is whether or not there has been a decrease in petitioner's capacity to earn wages in any line of work available to the petitioner * * *." (Our emphasis.) Standard Surety & Casualty Co. v. Sloan, 180 Tenn. 220, 226, 173 S.W.2d 436, 438, 149 A.L.R. 407.
Strictly following this test, we said in our former opinion, supra, p. 414:
"The question is whether, in the open labor market, in his disabled condition, the employee, after the injury, is able to earn in spite of his disability, as much as he was able to earn before the injury."
Obviously, evidence that at the time of the hearing below, the employee is earning certain wages, is evidence that he has capacity to earn them, but it is not conclusive evidence. He may be earning the wages, in spite of physical disability, while suffering pain, with the assistance of his fellow employees, or on account of the charity of his employer. Texas Employers' Ins. Ass'n v. Scott, Tex. Civ. App., 233 S.W.2d 171; National Distillers Products Corp. v. Jones, 309 Ky. 394, 217 S.W.2d 813. Compare: Zurich General Acc. & Liability Ins. Co. v. Johnson, Tex. Civ. App., 202 S.W. 2d 258, 260; Johnson v. Zurich General Acc. & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353.
In Russell v. Big Mountain Collieries, supra, and the other cases cited by petitioner, the only evidence offered by either party, of the injured employee's capacity to earn, was the employee's present earnings. There was no attempt by the employee to show that his capacity to earn on the open labor market had been impaired by his disability, so the evidence of the present earnings being the only evidence of earning capacity, was accepted by the Trial Judge and this Court.
But to hold that proof of earnings at the time of the trial below was conclusive would be an invitation to fraud, by which an unscrupulous employer could re-employ an employee after his accident in spite of his disability, at the same wage the employee had been receiving prior to his disablement, carry him as an employee until after compensation had been denied in the Trial Court, then discharge the employee and defeat his claim to compensation. Furthermore, such a holding is not in accord with the language of the statute as we pointed out in our former opinion, 260 S.W.2d 159.
It is argued for the first time in the petition to rehear that the judgment below is erroneous because no credit was allowed for the weeks during which the employee was working at his usual wage after the operation.
No exception was taken to the judgment on this ground, in the Trial Court, nor was it presented in the motion for new trial. In this state of the record, this Court is without jurisdiction to consider the proposition when it is presented for the first time in petition to rehear. Mullins v. Tennessee Stave & Lumber Co., 155 Tenn. 132, 290 S.W. 975; Bailey v. American Glanzstoff Corp., 163 Tenn. 206, 42 S.W.2d 347; Rule 14, 185 Tenn. 866. Petition denied.