CLYDE T. TRIPP, Plaintiff in Error,

*v.*

JOHN L. HODGE, Defendant in Error.

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

KARL L. BISHOP and Z. T. OSBORN, JR., Nashville, for plaintiff Hodge.

J. ROSS CHESHIRE, JR., and T. T. MCCARLEY, Nashville, for defendant Tripp.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a workmen's compensation case in which the Trial Court made an award in favor of the employee, John L. Hodge, who was injured while lifting a coca cola case full of bottles while pursuing his duties at his employer's place of business on September 9, 1954, as a result of which his back was injured.

The award was for total disability for the period from September 9, 1954, the date of the injury, to June 1, 1955. In addition he was awarded permanent partial disability payments for a period of 225 weeks, being 75% of 300 weeks, commencing June 2, 1955, the payments to be made at 60% of his average weekly wage of $30 per week, or $18 per week.

The employer Tripp has appealed and has assigned 13 errors, which raise only three questions.

■ The first question is that there is no material evidence to support the judgment of the Court and that the Trial Judge abused his discretion.

Under this head it is complained that the Trial Judge should have accepted the testimony of two physicians, who testified in behalf of the employer and the other witnesses who were brought into Court to contradict some of the testimony of the employee, instead of doing what the Court did, that is, accepting the testimony of a doctor offered in behalf of the petitioner and the testimony of petitioner himself. There is no question that the employee went to the hospital on the day that he was injured and then went back several days later where he remained for five days. Dr. Johns examined petitioner on April 28, 1955, and found him to be still totally disabled and felt that the total disability would continue for another four to six weeks. Although the Court found that there was no factual report about petitioner's condition immediately following the accident except that he was hospitalized for a number of days, yet the Court made the reasonable assumption that if he was still totally disabled on April 28, 1955, that he must have been totally disabled from the date of injury up to that time and found that he would be disabled for another four or five weeks, which the Court fixed at being June 1, 1955.

The Court found from Dr. Keen's testimony that the extent of petitioner's disability was 75% disablement for heavy manual labor on October 23, 1956, the date of this examination, and found that was consistent in all respects with the Court's observation of petitioner during the trial. The Court found, also, from Dr. Regen's testimony that in view of petitioner's illiteracy and past

employment history, he is only qualified to do manual labor.

An effort is made in the brief of appellant to show that petitioner's testimony is so self-contradictory as to be unacceptable as evidence. With this purpose in mind the brief lays great stress upon the questions and answers on pages 26 and 27 of the record where the petitioner was asked whether or not he had been troubled with anything until he hurt his back at Tripp's Restaurant, to which he replied that he had not. The petitioner, however, on page 15 of the record, had already stated on direct examination that he had had a previous back injury in 1950, when he lost about 6 weeks from his work, but he testified that had cured up and that he had been able to do heavy lifting ever since then until following the date of his injury herein complained of. At another point he was asked whether he had ever worn a corset or body-brace before the 1954 injury, to which he replied that he had not done so. When he was confronted with the hospital record showing that a body cast had been applied to him as a result of the above-mentioned injury of 1950, he stated that he did not remember that particular fact about the body cast. This hospital record also contained some other instances of his having been in the hospital for sinus trouble, foot swelling, arthritis in the chest, etc., and one instance of his having fallen out of a chair and hurt his back. Some of this was entirely immaterial and the chair incident was apparently not serious and something that the witness easily could have forgotten. The Trial Judge did not attach any importance to this and neither do we.

The brief contains a discussion of some other points of argument but we think the above is sufficient to show that there was material evidence and that the Trial Judge did not abuse his discretion in finding in favor of the petitioner.

The second question raised by the assignments of error is the failure to give written notice to the employer. The Trial Court found that, although there was conflict in the testimony, the defendant had actual notice through the manager of the restaurant on the day of its occurrence and subsequently within the 30-day period required by the statute and that the petitioner, who is not able to read and write, was excused from giving written notice. We think there is material evidence to support this finding of the Trial Court.

The third question raised by the assignments is a subsidiary question. It is argued that, since it appears that petitioner was employed at another place from November 3, 1955, to January 13, 1956, a period of some 10 weeks when he was working at Geny's greenhouses, it was error for the Trial Court not to give the employer credit for this time on the permanent partial disability award.

The Trial Court held that, since defendant failed to prove what petitioner's earnings were on that job, the employer was not entitled to any credit.

We are of opinion that the employer would not have been entitled to credit under the present terms of the statute even if he had shown the amount of the employee's earnings on the greenhouse job. Under the 1932 Code, sec. 6878, subsection (c) as amended, last para-

graph, the law then made provision for 60% of the difference between the wages at the time of the injury and the wage the workman is able to earn in his partially disabled condition. Under that provision it was necessary to show what the employee was able to earn in his disabled condition. *Russell v. Big Mountain Collieries,* 156 Tenn. 193, 299 S.W. 798.

The law has been changed, however, so that T.C.A. sec 50-1007, subsection (c), last paragraph, provides that:

"It shall be apportioned to the body as a whole, which shall have a value of three hundred (300) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of the use of the body as a whole, * * *."

We are of opinion that one of the purposes of this change was to assimilate this sort of injury not resulting in the loss of a member of the body to the loss of less than a member provided for in the next to the last paragraph under subsection (c), which is referred to in *Casteel v. Aluminum Co.,* 161 Tenn. 407, 410, 33 S.W.2d 61, 62. In that case the disability was 20% of the use of the left foot. The Trial Judge deducted from the award provided by the statute half of the earnings of the employee during the period of disability. In speaking of the law as it stood then, the Court said:

"In case of a permanent partial disability not enumerated, not included in the schedule, it is proper and necessary to look to earnings after injury to determine the amount of compensation to be awarded. In case of a permanent partial disability enumerated, how-

ever, included in the schedule, the statute conclusively presumes that proper compensation is that set out, and so enacts. We see no room for a different construction of the statute. The disability is statutory and the compensation is statutory."

So it seems to us that since the last paragraph of said subsection (c) no longer has reference to the difference in the wages earned before and after the injury, but is apportioned to the body as a whole, there is no reason for giving the employer credit for any earnings of the employee during the period of permanent partial disability.

All assignments are overruled and the judgment below is affirmed.