**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Ralph MEYERS, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

**Zella PUCKETT et al., Appellants,**

v.

**Martha Puckett MORELAND et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

Jo M. Ferguson, Atty. Gen., C. J. Waddill, Asst. Atty. Gen., Hafford E. Hay, Asst. Atty. Gen., for appellant.

Louis T. Peniston, New Castle, for appellee.

SIMS, Judge.

This appeal is from a judgment of $7,500 appellee Ralph Meyers recovered against the Commonwealth in an action for damages for personal injuries received as the result of the alleged negligence of the Highway Department while he was working on State Highway 146 as an employee of the Department. Two grounds are assigned for reversal: (a) The parties had accepted the terms of the Workmen's Compensation Act and this prevented Meyers from maintaining a common law action for damages; (b) a resolution passed by the General Assembly permitting Meyers to bring this action was unconstitutional as special legislation.

The record shows these facts. Meyers, a laborer employed by the Department, was seriously injured on November 10, 1952, while in his line of duty by one of the Department's trucks which backed into him when its driver negligently put the truck in reverse gear instead of low forward gear as Meyers signaled the truck to go forward. There is some proof for the Department that at the time of his employment Meyers signed an agreement in the presence of a witness whereby he accepted the terms of the Workmen's Compensation Act, hereinafter referred to as the Act; also that he had accepted certain compensation payments and had signed a power of attorney authorizing his employer to pay hospital bills in the sum of $2,233.35. However, after quite a bit of equivocation Meyers finally denied his signature on these papers and the court submitted to the jury the question of whether he had accepted the provisions of the Act.

In the shape this record is in the instruction would have been correct were it not for KRS 342.395 (which became effective June 24, 1952), the applicable part of which reads:

"In the event an employer elects to operate under this chapter, then every employe of such employer, as a part of his contract of hiring or who may be employed at the time of the acceptance of the provisions of this chapter by such employer, shall be deemed to have accepted all the provisions of this chapter and shall be bound thereby unless he shall have filed, prior to the injury * * * written notice to the contrary with the employer * * *.

"Until such notice to the contrary is so given to the employer, the measure

of liability of such employer shall be determined according to the compensation provisions of this chapter."

Certain papers and exhibits in the record abundantly show the Department was operating under the Act, and there is no evidence Meyers ever gave the notice required under KRS 342.395 that he would not accept the terms of the Act, therefore he automatically came under the Act by virtue of this statute.

■ Meyers argues that even though he was working under the Act at the time of his injury, it does not cover his impairment of power to earn money but only compensates him for the loss of time suffered by reason of his injury, therefore the Act does not preclude him from bringing a common law action for loss of earning capacity. He cites 58 Am.Jur. "Workmen's Compensation" § 51, p. 610 and § 65, p. 620, and several foreign cases to the effect that the Act does not prevent the bringing of a common law suit for damages where the employer and employee, or the particular injury received, are not under the purview of the Act. Naturally, these authorities are not in point. Furthermore, he cites our cases of National Distillers Products Corp. v. Jones, 309 Ky. 394, 217 S.W.2d 813; Warner v. Lexington Roller Mills, 306 Ky. 142, 206 S.W.2d 471, 175 A.L.R. 722, to the effect that an award under the Act is not in the nature of damages for permanent impairment of the power to earn money because the very nature of the Act is to compensate an employee for injuries arising out of and in the course of his employment regardless of the master's negligence or of the employee's contributory negligence. These cases have no bearing on the subject under discussion. The wording of the Act extinguishes the liability of the employer to the employee for the negligence of the employer and no common law action may be maintained by the employee where both he and the employer are operating under the Act. KRS 342.015 (1 and 2); Johnson v. Frankfort & C. R. R. Co., 303 Ky. 256, 197 S.W.2d 432, 435; Employers Mut. Liability Ins. Co. of Wis., v. Griffin Const. Co., Ky., 280 S.W.2d 179, 53 A.L.R.2d 967. As we said in Davis v. Solomon, Ky., 276 S.W.2d 674, 676, "The purposes of the Act would be defeated if independent actions to recover damages for injuries or death caused by a compensable act are permitted."

■ A joint resolution was passed by the General Assembly at its 1956 session waiving the Commonwealth's immunity from suit and authorizing Meyers to sue the Department of Highways in the Henry Circuit Court for $15,000 because of any negligence upon the part of the employees of the Department. The Department asks us to hold this resolution unconstitutional under subsection 29 of § 59 of the Kentucky Constitution prohibiting the passing of a special law where a general law is applicable. However, we do not reach this constitutional question. The Workmen's Compensation Act, KRS 342.015 (1 and 2) precludes the bringing of a common law action by an employee where he and his employer are operating under the Act. This joint resolution did not attempt to create a new or different liability on the State or to waive any defenses the State might have against a common law action, but merely waived the State's immunity from liability for a tort action. It is manifest the General Assembly in passing this resolution was not advised Meyers had a remedy under the Act. It was never the intention of the General Assembly to change the existing law as set out in KRS 342.015 (1 and 2) by this resolution.

The trial court erred in not sustaining the Department's motion for a directed verdict and in not sustaining its motion for judgment notwithstanding the verdict. The judgment is reversed with directions that one be entered dismissing the complaint. CR 50.02.